## DELLA DUNLOP v. JOHN DUNLOP.

Decided April 20, 1910.

**1.—Divorce—Pleading—Amendment—Residence.** ·

An amended petition for divorce alleging plaintiff's residence in the county for six months preceding the filing thereof was sufficient. Such residence supported the jurisdiction. It was not necessary to allege that he had so resided before the filing of his original petition.

**2.—Same.**

It is questioned whether allegations of residence and other formal matters in an original petition are required to be repeated in an amended petition which supersedes it.

Appeal from the District Court of Hamilton County. Tried below before Hon. J. H. Arnold.

*J. L. Lewis,* for appellant.—Plaintiff should have allged six months' actual residence in Hamilton County, Texas, preceding the filing of this suit. Rev. Stats., arts. 2978, 1194, sec. 16; Raymond v. Raymond, 12 S. W., 92.

*Eidson & Eidson,* for appellee.

KEY, CHIEF JUSTICE.—This is a divorce suit brought by the husband against the wife, seeking a divorce upon the statutory ground of three years' abandonment. No jury was demanded, and the trial court rendered judgment for the plaintiff and the defendant has appealed,

The plaintiff's original petition was filed August 10, 1908, and it was alleged therein that "plaintiff and defendant both resided in Hamilton County, Texas, and that plaintiff is a bona fide inhabitant of the State of Texas, and has resided in Hamilton County for six months next preceding the filing of this suit." On the 29th day of March, 1909, the plaintiff filed his first amended original petition, which, under District Court Rule 14, became a substitute for his original petition. The amended petition contained the same allegation as to the residence of the parties, except that in the concluding phrase it stated that the plaintiff "has resided in Hamilton County for six months next preceding the filing of this petition."

The defendant interposed an exception to the amended petition, because it did not allege that the plaintiff had resided in Hamilton County for six months next preceding the filing of his original petition, August 10, 1908. The court overruled that exception, and that ruling is assigned as error. It is true that article 2978 of the Revised Statutes declares that no suit for divorce shall be maintained in the courts of this State, "unless the petitioner for such divorce shall, at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the State, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit." The purpose and object of the enactment of that statute was to require a permanent or fixed residence in the county where the suit was instituted, and a continuation of such residence for a reasonable time before granting a divorce. In this case compliance with the statute was clearly and distinctly alleged in the original petition. Appellant's contention is that, when the amended original petition was filed, the original petition was superseded thereby, and can not be looked to in determining the plaintiff's right to maintain the suit. Conceding that contention to be correct, still we are of opinion that the amended petition was in substantial compliance with the statute. In other words, for the purpose now under consideration, we are of opinion that the filing of the amended petition should be considered as "the filing of the suit," within the purview of the statute. The plaintiff could have dismissed the case, and on the same day filed and maintained another suit containing the same averment as to residence that was contained in his amended petition. As he had the right to pursue that course, we do not think the spirit of the statute was contravened by permitting him to reach the same result by filing an amended original petition in the suit then pending.

It is also worthy of note that, at the time the statute referred to was enacted, a different system of pleading prevailed, and an original petition or original answer was not superseded by any other pleading that was filed. So that, until the present rules were prescribed by the Supreme Court, allegations of residence and other formal allegations in the original petition were not required to be repeated in any amendment; and it is not clear that it was the intention of the rules to make any change in that respect. But, however that may be, we are of opinion that the averment referred to in the amended petition constitutes a sufficient compliance with the spirit and intent of the statute.

The other questions relate to the admissibility of testimony and the sufficiency of the evidence to sustain the judgment. We are of opinion that no error was committed in the rulings referred to. The testimony warranted findings to the effect that the plaintiff had been a bona fide inhabitant of the State and of Hamilton County for about fifteen years preceding the trial, and that the defendant had, as alleged in the plaintiff's petition, voluntarily abandoned and remained away from him for a period of more than three years.

No error has been shown and the judgment is affirmed.

*Affirmed.*