### HUNT v. HUNT. (No. 8601.)

(Court of Civil Appeals of Texas. Ft. Worth. May 19, 1917. Rehearing Denied June 23, 1917.)

1. Divorce ⚯62(6) — Jurisdiction — Plaintiff's Domicile.

Plaintiff does not comply with Vernon's Sayles' Ann. Civ. St. 1914, art. 4632, by acquiring residence in the county where divorce suit was filed 6 months next preceding the filing, but leaving it again almost immediately and staying away for 3½ months, partly through fear that her husband would take her children from her and partly on account of their health, though she had bona fide intention to make the county her home during all that time, since actual residence for a more substantial part of 6-month period is required.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 200–202, 220.]

2. Divorce ⚯62(6) — Jurisdiction — Plaintiff's Domicile.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4632, was not complied with where plaintiff had actually resided in the county where suit was filed for 6 months next preceding filing of an amended petition for divorce, but not for 6 months next preceding original institution of suit, and decree was rendered day after filing of amended petition, since statute provides that no divorce shall be granted before 30 days after suit filed.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 200–202, 220.]

3. Divorce ⚯104, 146 — Continuance — Amendment of Petition — Discretion of Court.

The court did not abuse its discretion by continuing a divorce suit after partial hearing of evidence and allowing plaintiff to file amended petition at subsequent term, especially in ab-

sence of any showing of prejudice to defendant thereby.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 27, 28, 164, 328–339, 471–473, 477, 488–492.]

Conner, C. J., dissenting.

Appeal from District Court, Tarrant County; J. W. Swayne, Judge.

Action by Mrs. Bessie Hunt against C. B. Hunt. From decree for plaintiff, defendant appeals. Reversed and remanded.

Bird & Bird, of Dallas, for appellant. Lattimore, Doyle, Bouldin & Lattimore, of Ft. Worth, for appellee.

DUNKLIN, J. C. B. Hunt, defendant in the trial court, has appealed from a decree of divorce granted in favor of his wife, Mrs. Bessie Hunt, by the district court of Tarrant county. The principal question raised by the appellant is that plaintiff had not resided in Tarrant county for 6 months next preceding the institution of the suit, and therefore the trial court never acquired jurisdiction to render the decree.

Plaintiff had lived in Tarrant county prior to her marriage. After her marriage she moved to Abilene, and when she separated from her husband she came to Ft. Worth, arriving here on May 30, 1915. The suit was filed December 1, 1915, just 6 months and 1 day from the date of her arrival in Ft. Worth after the separation. She testified that upon her arrival in Ft. Worth it was her intention to make that her home. After a stay of 7 days in Ft. Worth, she went to Galveston on a visit to her sister. She testified that the reason she made this visit was through fear that her husband would take her children from her, as he threatened to do. She remained in Galveston some 2 months, then went to Ballinger to visit a sister on account of the ill health of her little boy. She returned to Ft. Worth about 2½ months prior to December 1st, the date of the filing of her original petition, and she continued to reside in Ft. Worth until the date of the trial, which was on March 30, 1916. The defendant filed an amended answer on March 23, 1916, and on March 29, 1916, the day before the trial, plaintiff filed her amended original petition upon which the decree of divorce was rendered. It thus appears that she resided in Ft. Worth continuously for more than 6 months prior to the filing of the amended original petition, but that she had actually resided in Ft. Worth only for about 2½ months prior to the filing of the original petition. By article 4632, Vernon's Sayles' Texas Civil Statutes, it is provided that:

"No suit for a divorce from the bonds of matrimony shall be maintained in the courts of this state unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the state for a period of twelve months, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit. * * *"

⚯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] In Michael v. Michael, 34 Tex. Civ. App. 630, 79 S. W. 74, Brashear v. Brashear, 99 S. W. 568, and Dickinson v. Dickinson, 138 S. W. 205, it was held that an actual residence in the county for 6 months next preceding the filing of the suit is a necessary prerequisite to the right of a plaintiff to maintain the suit, and that a mere constructive residence for that period of time is not sufficient; in other words, that such actual residence for only a minor portion of that period, even though it is accompanied with a bona fide fixed intention to make that county one's residence and home, does not come within the meaning of the statute. Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90, seems to be the leading case upon that question. But in that decision the following was said:

"We do not think that a temporary absence from the state or county of an inhabitant of the state during the six months next preceding the filing of his petition for divorce would affect his right to maintain it. We think, however, that there may be such residence abroad, without the loss of citizenship or domicile for other purposes, as will cause the provisions of the statute referred to to be applicable and deprive the party of the right to maintain a suit for divorce in our courts."

In Fox v. Fox, 179 S. W. 883, the evidence showed that the plaintiff was absent from the county in which the suit was instituted during frequent short intervals within the 6 months next preceding the filing of the suit, notwithstanding which a decree of divorce was affirmed. The opinion rendered in that case seems to give a more liberal interpretation of the statutes in favor of the plaintiff than was applied in the three cases first mentioned above; in other words, that decision laid considerable stress upon the bona fide intention of the party to make and claim residence in the county in which the suit was instituted.

However, we are of the opinion that in order to sustain the decree of divorce the proof should at least show residence in the county in which the suit was instituted for a more substantial portion of the 6-month period next preceding the filing of the suit than was shown in the present suit. According to plaintiff's own testimony, when she first returned to Tarrant county she remained there only a few days, after which she went to Galveston, where she remained approximately 2 months before going to the western portion of the state on account of the health of her child. Her testimony indicates that the reason she left Tarrant county and went to Galveston was on account of fear that her husband would execute his threat to take her children from her, but she does not assign such fear on her part as the cause of her continued stay in Galveston. As noted above, her actual residence in Tarrant county was for a period of time less than one-half of that required by the statute, and we think it would be an unreasonable construction to say that the proof showed an actual residence in Tarrant county for the statutory period of 6 months prior to the filing of the suit.

[2] In Dunlop v. Dunlop, 60 Tex. Civ. App. 389, 130 S. W. 715, and McLean v. Randell, 135 S. W. 1116, it was held that 6 months' residence in the county next preceding the filing of an amended petition upon which the divorce was granted would be sufficient to give the court jurisdiction to try the case, even though the plaintiff had not resided in the county 6 months next preceding the original institution of the suit. We would feel inclined to adopt that rule and, accordingly, sustain the decree of divorce in the present suit but for the fact that by article 4632 it is provided that the "suit [for divorce] shall not be heard or divorce granted before the expiration of 30 days after the same is filed."

As noted above, the decree of divorce was rendered on the next day following the filing of the amended petition, and hence, even if that petition be regarded as the true date of the filing of the suit, the same will avail nothing to the appellee in view of the statute referred to.

[3] We do not think that it was any abuse of the court's discretion to continue the case after partial hearing of the evidence, and at a subsequent term to allow plaintiff to file an amended petition, especially in the absence of any showing of prejudice to the defendant thereby.

For the reasons noted, the judgment of the trial court is reversed, and the cause remanded.

CONNER, C. J. (dissenting). I feel unwilling to concur in the conclusions of the majority in this case. As stated by the majority, plaintiff's home was in Tarrant county prior to her marriage, and when she separated from her husband she returned thereto on May 30, 1915, with the fixed intention, so far as disclosed by the testimony, of making Ft. Worth her home. At this time she brought her trunk with her containing her possessions; at least all the effects that the record discloses she had. With such fixed intention she remained in Ft. Worth until impelled, as she testified, to visit her sister in Galveston by fear that her husband would take her children, as he had threatened to do. She took with her two suitcases filled with clothing, but nothing else. She further testified that after she had been in Galveston a couple of months she went to her sister's in Ballinger; that her little boy's health was bad, and that she took him there "because every time he goes to West Texas he gets strong, and that is the reason I went there, thinking his health would improve." She thereupon, as stated by the majority, returned to Ft. Worth, where she continued to reside some 2½ months prior to the filing of her original petition. It nowhere appears

that during the plaintiff's absence from Ft. Worth that she abandoned her original intent to make that city her home and residence. On the contrary, it affirmatively appears that such intent continued in actual force all during the times of her visits to Galveston and Ballinger. The intent constitutes an important and often a controlling element in the establishment of home and residence, and it has several times been held that a temporary absence will not destroy a residence once in good faith begun. Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90; Fox v. Fox, 179 S. W. 883; McLean v. Randell, 135 S. W. 1117. In the last two cases cited evidence less cogent, as it seems to me, than the evidence in this case on the same subject, was held sufficient to sustain the lower court's finding in the plaintiff's favor on the issue of her residence. In aid of the judgment in appellee's favor we must imply, if necessary, a finding by the trial court that the allegation in the plaintiff's petition that she was a bona fide resident of Tarrant county, Tex., for the 6 months next preceding the filing of her original petition, was sustained by the proof, and in my judgment the evidence in this case is sufficient to support this finding.

But at all events, the amended petition, under the undisputed evidence, brought the plaintiff within the statute (see Dunlop v. Dunlop, 60 Tex. Civ. App. 389, 130 S. W. 715; McLean v. Randell, 135. S. W. 1116), and in my opinion the proviso of . Revised Statutes, art. 4632, quoted and relied upon by the majority, did not preclude the trial on the day of its filing. The proviso is not jurisdictional, as I construe it, but relates to a mere matter of procedure, and appellant made no objection below to so proceeding, and no objection on this ground has been presented by appellant in this court, and under our statute permitting amendments (article 1824) the amendment when allowed and filed related back to the filing of the original petition within the meaning and purposes of the proviso; so that there was in fact no violation of its spirit.

I, therefore, am of the opinion that the judgment below should be affirmed.