## SNOW v. SNOW. (No. 6425.)

(Court of Civil Appeals of Texas. San Antonio. June 2, 1920. Rehearing Denied June 23, 1920.)

1. **Time** ⊜9(1)—**Must be full 30 days between day of filing suit for divorce and day of judgment.**

Under Rev. St. art. 4632, providing that suit for divorce shall not be heard or divorce granted till after expiration of 30 days after the same is filed, there must be full 30 days between the day of filing and the day of judgment; the day of the filing and the thirtieth day being excluded.

2. **Divorce** ⊜165(3)—**Judgment void where rendered sooner than authorized by statute.**

Divorce granted in less than 30 days after filing of suit, in violation of Rev. St. art. 4632, is void, and not merely voidable, so that motion to set it aside after the term need not show a meritorious defense to suit.

Error from District Court, Bexar County; W. S. Anderson, Judge.

Suit for divorce by Vesta Snow against Horace Snow. Motion to set aside judgment for plaintiff was overruled, and defendant brings error. Reversed and remanded.

Norman, Shook & Gibson, of Rusk, and Hicks, Hicks, Dickson & Bobbitt, of San Antonio, and John C. Jackson, of McAllen, for plaintiff in error.

L. W. Greenly, of San Antonio, for defendant in error.

FLY, C. J. [1] The record discloses that a petition for divorce and custody of a child was filed by Vesta Snow against Horace Snow in the Thirty-seventh district court of Bexar county, on September 11, 1919, and that a divorce was granted on October 11, 1919. On December 8, 1919,· appellant filed a motion to set aside the judgment on the ground that it was granted before the expiration of 30 days after the suit was filed. The motion was overruled, and from that order this appeal was perfected.

The judgment was rendered on the thirtieth day after the suit for divorce was filed, and, it being the rule that the day of the filing and the thirtieth day will be excluded, the earliest day on which the judgment for divorce could have been legally rendered in this case was October 12, 1919. In regard to the constitutional provision as to no law taking effect, unless otherwise provided, until 90 days after the adjournment of the session of the Legislature at which it was enacted, the Supreme Court has held that, in determining when acts of the legislature shall take effect, both the day of adjournment and the ninetieth day thereafter are excluded. The court said the Constitution should be read so as to state that no law should take effect "until the expiration of ninety days after the adjournment of the Legislature." That is almost the identical language used in article 4632, Revised Statutes, now under consideration. Halbert v. San Saba Association, 89 Tex. 230, 34 S. W. 639, 49 L. R. A. 193.

[2] The judgment having been rendered in violation of the statute is either void or voidable, and under which class it should be placed, so far as an attack directly made upon it is concerned, would be of no consequence. However, if the judgment of divorce is void, a motion to set it aside, after the term, regardless of any allegation as to what would be accomplished on another trial, would be sustained, but if the judgment is merely voidable, then, in order to have a judgment set aside after the term at which it was rendered, it must be made to appear that the defendant has a meritorious defense to the cause of action, and that a different result will probably be obtained if a new trial is granted. · The motion in this case has no basis except that of the nullity of the judgment of divorce, for it rests alone on the proposition that a judgment for a divorce rendered in less than thirty days after the cause is filed is null and void. Is the judgment void, which was rendered in 'less than 30 days after the filing of the petition? We answer in the affirmative.

In the recent case of Beeler v. Beeler, 218 S. W. 553, it was held by the Court of Civil Appeals at El Paso, through Judge Walthall, that the provision as to the expiration of 30 days before a judgment can be rendered, in

223 S.W.—16

case of divorce, stands on the same footing as 12 months' residence in the state and 6 months' residence in the county, and that "the statutory provision is mandatory, and compliance with its terms cannot be waived or dispensed with." In this connection, it may be said that the provisions as to proceedings in divorce are sui generis, and must be strictly enforced. In most cases provisions as to residence and as to procedure may be waived, but not so in divorce suits. Residence in the state for 12 months and in the county for 6 months cannot be waived nor disregarded by a court, but allegation and proof of them are essential to the validity of a judgment, and we see no reason why the other provisions of article 4632 are not of equal dignity with the provisions as to residence. The law has attempted to guard the marriage contract as it has no other, and no judgment destroying the marriage relation should be rendered unless the terms of the statute have been strictly complied with. The law has deemed it necessary and proper to provide that a divorce "suit shall not be heard or divorce granted before the expiration of thirty days after the same is filed." A due respect for the law and a regard for public policy requires a strict compliance with every requirement of the statute,. and it was evidently the intention of the Legislature that a failure to comply with the provisions of the statute will render a judgment of divorce null and void.

In a strong opinion written by the Supreme Court of California in the case of Grannis v. Superior Court of City and County of San Francisco, 146 Cal. 245, 79 Pac. 891, 106 Am. St. Rep. 23, there is an exhaustive discussion of statutory provisions as to divorces, and especially that one which prevents a· judgment of divorce becoming final until a year has elapsed from its rendition. The court held that there must be a strict compliance with every provision of the statute and that a failure to do so would render the judgment void. The court said:

"It is sufficient to hold that the Legislature has power to make reasonable regulations as to the proceedings by which the jurisdiction in such cases is exercised, and to prescribe the terms and conditions on which a divorce may be granted, and that, in view of the subject-matter of the act and the object in view, a provision for postponement of final judgment for one year, and a suspension of the power of the court to enter such judgment in the meantime, is not an unreasonable regulation of procedure, and is within the legislative power to prescribe, as a condition necessary to the existence of the right to a divorce. The right to a divorce is subject to the legislative will and exists only by legislative grant. The change in the method made by this law affects only the procedure and the right of the parties to an immediate divorce, and does not take ju-

risdiction from the court. The right to a divorce not being inherent or constitutional, but statutory, the Legislature could repeal the law, and thus effectually prevent the granting of any divorces, or it could suspend the right for any number of years after the beginning of the action without affecting the jurisdiction of the court. The Legislature has complete control of the subject, and may impose whatever restrictions or delays it pleases, either as to the time for beginning the action, or .the method and order of procedure after the action is begun."

The court held that the order granting an immediate divorce was wholly void and should be so declared. That case applies with peculiar force to the case now under consideration, and its rulings are adopted.

Because the judgment granted the divorce before the expiration of the statutory period of 30 days from the filing of the suit, it is set aside and the cause remanded for further proceedings.