## LAWLER v. LAWLER. (No. 756.)

Court of Civil Appeals of Texas. Waco.
March 14, 1929.

Rehearing Denied April 4, 1929.

Wear, Stollenwerck & Wear, of Hillsboro, for appellant.

Will M. Martin, of Hillsboro, for appellee.

GALLAGHER, C. J. Appellee, Beulah Lawler, sued appellant, Bill Lawler, in the district court of Hill county for divorce and for the custody of their minor children. The case was tried before a jury on special issues. The jury in response thereto found: (a) That appellant cursed and abused appellee; (b) that he struck and beat her; (c) that he required her to engage in the sale of intoxicating liquor; (d) that he threatened to kill her; (e) that appellee did not commit adultery with one Hickman (as charged by appellant); (f) that she was kind and affectionate to appellant; and (g) that she is a fit and proper person to have the care, custody, and control of the three minor children. No issue with reference to the jurisdictional facts of inhabitancy of the state and residence in the county, as required by the terms of the statute, was submitted. The court rendered judgment dissolving the bonds of matrimony between appellee and appellant, and awarding her the custody of the children of the marriage.

### Opinion.

Appellant, by his first proposition, contends that both appellee's pleadings and the evidence introduced thereunder on the subject of her inhabitancy of the state and residence in the county are insufficient to support

the judgment rendered. Article 4631 of our Revised Statutes provides:

"No suit for divorce shall be maintained in the courts of this state unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this state for a period of twelve months, and shall have resided in the county where the suit is filed for six months next preceding the filing of same."

The authorities in this state are unanimous in holding that said provisions are mandatory, and that actual bona fide inhabitancy of the state and residence in the county for the respective periods of time required thereby must be alleged and proved. Haymond v. Haymond, 74 Tex. 414, 419, 12 S. W. 90; Bruner v. Bruner (Tex. Civ. App.) 43 S. W. 796; Gallagher v. Gallagher (Tex. Civ. App.) 214 S. W. 516, 519, par. 5; Dickinson v. Dickinson (Tex. Civ. App.) 138 S. W. 205, 208, pars. 1 and 2; McLean v. Randell (Tex. Civ. App.) 135 S. W. 1116, 1118; Gould v. Gould (Tex. Civ. App.) 244 S. W. 574; Motes v. Motes (Tex. Civ. App.) 229 S. W. 342, 343; Forsythe v. Forsythe (Tex. Civ. App.) 149 S. W. 198; Hunt v. Hunt (Tex. Civ. App.) 196 S. W. 967, 968; Oliver v. Oliver (Tex. Civ. App.) 245 S. W. 1038; Brashear v. Brashear (Tex. Civ. App.) 99 S. W. 568.

■ This case was tried on appellee's first amended petition, filed herein on September 15, 1927. The original petition is not found in the record, nor was the date of the filing thereof proved. Under such circumstances, in determining whether said statutory requirements have been complied with, the filing of said amended petition must be held the institution of this suit. Michael v. Michael, 34 Tex. Civ. App. 630, 79 S. W. 74, 76; Dunlop v. Dunlop, 60 Tex. Civ. App. 389, 130 S. W. 715, 716. The trial was had on May 22, 1928. The fact that more than 30 days elapsed between the filing of the amended petition and the trial distinguishes this case from Hunt v. Hunt, supra, cited by appellant in this connection. Appellee's amended petition contains the necessary averments with reference to inhabitancy and residence at the date of the filing thereof, and is therefore sufficient. Appellee testified on these issues as follows:

"I have lived in the state of Texas about 15 years. I have lived in Hill county for a period of more than one year. * * * I lived at my mother's most of the time since I separated from Bill Lawler. I separated from him on December 11, 1926. I called my mother's home my home; that and my uncle Charlie Motley's. * * * In 1927 my mother did live down at Mt. Calm. She now lives at Hubbard. In 1927 she lived below Mt. Calm, but I don't think that is in McLennan county. I don't know what month it was she moved from there to Hubbard. She

moved there in the fall. * * * The only place I lived below Mt. Calm was on the farm. She moved from there to Hubbard early in the fall of 1927."

There was no evidence showing that said farm "below Mt. Calm" was situated in Hill county. Her evidence of such residence cannot therefore be held to aid her general declaration that she had lived in Hill county for a period of more than one year before the trial. Her testimony amounted in effect merely to a declaration that some time during her life she had lived in said county for such length of time. Hunter v. Hunter (Tex. Civ. App.) 286 S. W. 257, 258, par. 2. There is nothing in her testimony showing the jurisdictional fact of her residence in Hill county for six months *next preceding* September 15, 1927, the date of the filing of her amended petition. Her testimony, therefore, failed to meet the statutory requirement, and for that reason the judgment of the trial court must be reversed. Haymond v. Haymond, supra, and other authorities cited in connection therewith.

■ The court, in submitting the issue of adultery, charged against appellee by appellant, defined adultery in the terms of article 499 of the Penal Code. Appellant objected to such definition, and presents a proposition complaining of the action of the court in overruling the same. The word "adultery," as used in divorce proceedings, means voluntary sexual intercourse of a married person with one not the husband or wife of the offender. 19 C. J. p. 42, § 75. As applied to the issue submitted in this case, the definition given by the court in his charge was erroneous.

■■ Appellant presents a proposition complaining of the action of the court in submitting, over his objection, the issue of appellee's fitness for the care, custody, and control of the three minor children, whose ages range from four to eight years, respectively. The only objection urged to the submission of such issue was that the question involved was one for the sole determination of the court, and that the jury had no authority under the law to pass upon the same. The determination of the custody of the children was one for the decision of the court, and not the jury, and the verdict of the jury was not necessary on such issue, and is to be regarded as merely advisory. Kentz v. Kentz (Tex. Civ. App.) 209 S. W. 200, 201, par. 3. The court recited in his judgment that he considered all the evidence in connection with the answer returned by the jury to said issue, and found as a fact that appellee was a fit and proper person and that the interests and welfare of said children would be best subserved in her care, custody and control. Appellant's complaint of the submission of said issue is overruled. Wright v. Wright, 50 Tex. Civ. App. 459, 110 S. W. 158, 160.

The other matters complained of by appellant will not necessarily arise on another trial. The judgment of the trial court is reversed, and the cause remanded.