## COLEMAN v. COLEMAN. (No. 593.)

Court of Civil Appeals of Texas. Eastland.
June 28, 1929.

Rehearing Denied Oct. 4, 1929.

R. W. Haynie, of Abilene, for plaintiff in error.

Cox & Hayden, of Abilene, for defendant in error.

FUNDERBURK, J. This is a suit for divorce and partition of property, in which was joined a cause of action for recovery on a promissory note in the sum of $2,000 with interest. The trial court gave plaintiff judgment for divorce and for partition of certain property, as well as judgment for the said $2,000 upon the note, with 6 per cent. interest, and $100 attorneys' fees. In plaintiff's petition she claimed that a certain Chrysler 70 Royal coupé automobile was community property, and same was included in the property sought to be partitioned. Defendant contended that said automobile was his separate property. The court in its judgment awarded same to the defendant as his separate property, but further decreed an equitable lien upon same in favor of plaintiff to secure the payment of the said $2,000 and attorneys' fees, and further adjudged a foreclosure of said lien. The trial judge, at the request of the defendant, filed conclusions of fact and law. The findings do not show whether said Chrysler automobile was community property, as contended by the plaintiff, or was the separate property of the defendant, as contended by him; the true facts in that regard not being made to appear from the transcript further than the fact that same was adjudged to defendant, as his separate property may indicate that it was, prior to the suit, the separate property of the defendant. Defendant in the court below, against whom the judgment went, has brought the case here by writ of error for our review.

By his first proposition appellant contends that the court below erred in not dismissing the case on the ground that the testimony of the plaintiff showed that she had not resided in Taylor county, in which the suit was brought, for the six-month period required by law to give the court jurisdiction to hear and determine said cause. The statement under, and argument in support of, this proposition shows that plaintiff's contention is that the statute (Rev. St. 1925, art. 4631) is not complied with by proof that plaintiff has resided in the county where the suit is filed for six months next preceding the filing of an amended petition, if there had been no

such period of continued residence next preceding the filing of the original petition.

The statute provides: "No suit for divorce shall be maintained in the courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual 'bona fide inhabitant of this State for a period of twelve months, and shall have resided in the county where the suit is filed for six months next preceding the filing of same."

It would thus appear that the literal wording of the statute seems to support appellant's contention. However, the statute has been construed with reference to the point here presented, and it has been determined that it is sufficiently complied with where it is shown that plaintiff had resided in the county for six months next preceding the filing of the amended petition upon which the trial is had, even though there was less than six months' residence prior to the filing of the original petition. Dunlop v. Dunlop, 60 Tex. Civ. App. 389, 130 S. W. 715; McLean v. Randell (Tex. Civ. App.) 135 S. W. 1116.

The trial court found that: "At the time of the exhibiting of plaintiff's petition herein that both she and the defendant had resided in the State of Texas for more than one year, and in Taylor County for more than six months."

If this finding be applied in the light of the statute as interpreted in the cases above mentioned, then, it appearing as it does that there is no assignment challenging the existence or sufficiency of evidence to support the finding, appellant's first proposition is not sustained.

■ Appellant's second proposition is as follows: "Because the court erred in rendering judgment upon the note alleged in plaintiff's petition, as this was a mis-joinder of parties and should not have been joined with the petition for divorce."

The statement designed to support this proposition does not show that any such point was raised by means of a plea in abatement. It therefore becomes unnecessary to determine whether or not the causes of action for divorce and for recovery upon the note were or were not properly joined. In the absence of any action of the court upon a plea in abatement and an assignment directed to such action, no such question is raised.

■ By appellant's third proposition it is complained the trial court erred in giving judgment for the $2,000 note because plaintiff by her evidence showed that she had agreed to destroy the note and had told the defendant that she had destroyed the same. It is immaterial whether plaintiff agreed to destroy the note or told the defendant that she had destroyed same, except that evidence of such fact or facts may tend to show a rescission or to create an estoppel. We cannot construe the proposition as presenting any such question, and, if so, there is no statement under the proposition sufficient to support it. It is therefore accordingly overruled.

■ Complaint is further made of the action of the trial court in finding the existence of an equitable lien on the Chrysler coupé automobile and awarding a foreclosure thereof in favor of the appellee to secure payment of the $2,000 and attorneys' fees adjudged on the said note. In the court's conclusions of fact and law appears the following: "After the evidence was closed in the case and the court had rendered its judgment, the court was informed that defendant had indicated his intention of taking voluntary bankruptcy in order to avoid payment to plaintiff of the $2000.00 he is due her, and the court thereupon directed that an equitable lien might be fixed upon the Chrysler Automobile in order to partially protect plaintiff in the collection of her debt."

A part of the prayer in plaintiff's amended petition was for judgment "establishing and foreclosing a lien on defendant's half of the community property to secure the payment of the judgment in his (her) favor for said $2000.00 and her attorneys' fees." The trial court's conclusions of law indicate that it was in response to this prayer that the equitable lien was adjudged.

We have been unable to find any authority justifying the action of the trial court in decreeing a lien on the automobile. It must be borne in mind that the $2,000 adjudged to plaintiff was not by way of partition of the community property, but was an independent cause of action. It had no relation whatever to the automobile, and, whether the automobile was community property of the plaintiff and defendant or the separate property of the defendant, we know of no rule of law that would make it chargeable, under the circumstances, with an equitable lien to secure payment of the judgment in so far as it awarded recovery on the note.

It is not deemed necessary to enter into a discussion of the nature of equitable liens. A full discussion will be found in Pomeroy's Equity Jurisprudence, §§ 1233 to 1267. Also there is to be found a discussion of same in Tiffany on Real Property, §§ 659 to 667. In none of these authorities do we find the least warrant for the claim of the existence of an equitable lien under the circumstances involved in this case.

Because of this error, the judgment of the trial court will be so reformed as to deny the existence and foreclosure of the lien in question, and as reformed will be affirmed.

### On Rehearing.

In the original opinion, we declined to consider whether there was any evidence or the sufficiency of evidence to show that defendant in error had actually resided in Taylor county for six months next preceding the filing of her amended petition, because, as

stated in the opinion, there was no assignment or proposition presenting that question. This conclusion was based on the fact that plaintiff in error's entire argument was that there had not been six months' residence prior to the filing of the original petition, and the conclusion we reached on authority of the cases cited that six months' residence prior to the filing of the amended petition was sufficient, even though there had not been six months' residence prior to the filing of the original petition, seemed a sufficient answer to the contention made.

In his motion for rehearing, plaintiff in error insists that the assignment was broad enough to require a review of the existence of any evidence or sufficiency of evidence to show the required residence prior to the filing of the amended petition. The assignment in question reads as follows: "The court erred in not dismissing this cause of action as filed by the plaintiff, as the testimony of the plaintiff herself clearly shows that she had not resided in Taylor County, the county in which this case was filed by plaintiff, for the six months period required by the State statutes to give this court jurisdiction to hear and determine this cause."

If we bear in mind that there is such a distinction between an assignment complaining of the lack of any evidence to support a judgment and an assignment complaining of the insufficiency of the evidence as that one of such questions cannot be considered under an assignment raising the other [Hall Music Co. v. Robinson, 117 Tex. 261, 1 S.W.(2d) 857], it is a little difficult to classify the above assignment, but, waiving that matter, and treating the assignment as raising the question of the sufficiency of the evidence to show the necessary residence, a serious question is presented whether the evidence was sufficient. We will not undertake to set out the evidence or determine the question of its sufficiency, as we have concluded that, for the reasons hereafter stated, the case will have to be reversed on another ground.

The transcript shows that the amended petition was filed the same day that judgment was rendered. There had not existed six months' residence of the plaintiff in Taylor county when the original petition was filed, February 21, 1928. The filing of the amended pleading on May 29, 1928, must be regarded as the beginning of the suit within the statutory requirement as to six months' residence in the county. Regardless, then, of whether or not the evidence was sufficient to show a six months' residence next preceding the filing of the amended pleading on May 29, 1928, the express prohibition of Rev. St. 1925, art. 4632, that the suit shall not be heard or determined before the expiration of thirty days after same is filed affirmatively appears from the record to have been disregarded. Three Courts of Civil Appeals have held this provision mandatory. Beeler v. Beeler (Tex. Civ. App.) 218 S. W. 553; Snow v. Snow (Tex. Civ. App.) 223 S. W. 240; Hunt v. Hunt (Tex. Civ. App.) 196 S. W. 967.

In Snow v. Snow, supra, the court had occasion to consider whether a judgment rendered in violation of the statute was void or merely voidable, and concluded that it was void. Apparently the Fort Worth Court of Civil Appeals, in Hunt v. Hunt, supra, considered the question without any assignment raising it, and as incidental to a determination of whether or not an amended petition could be regarded as the institution of the suit within the provision requiring six months' previous residence. We believe we are justified in following these authorities. If the judgment is void, as has been held, then clearly enough its invalidity appears affirmatively as a matter of record. We believe it our duty to take notice of the same as a fundamental error, for which reason the motion for rehearing will be granted.

The judgment heretofore rendered affirming the cause will be reversed and the cause remanded.