## JOHNSON v. JOHNSON.

### No. 2566.

Court of Civil Appeals of Texas. Waco.

Jan. 20, 1944.

Baskett & Parks, of Dallas, for appellant.

Geppert & Victery, of Teague, for appellee.

HALE, Justice.

This is a suit for divorce on the ground of cruel treatment. Trial without a jury resulted in judgment dissolving the bonds of matrimony theretofore existing between appellee and his former wife. Appellant says the judgment should be reversed because the evidence was insufficient to show (1) that appellee had resided in the county where the suit was filed for six months next preceding the filing thereof, or (2) that her conduct toward appellee was such as to constitute cruel treatment within the meaning of the divorce statutes.

Appellee filed his petition in the District Court of Freestone County on April 10, 1943. Appellant filed her answer on May 10, 1943. The answer consisted of a plea in abatement grounded upon allegations that appellant had not been a resident of Freestone County for six months next preceding the filing of his petition, of special exceptions, general and special denials and affirmative allegations that appellee had been guilty of violations of his marital vows in a greater degree than she and that his conduct toward her had been of a more cruel nature than her conduct toward him, but no prayer for divorce. The plea in abatement was heard along with the trial of the merits on May 29, 1943.

Although represented by counsel, appellant did not testify at the hearing and trial and her counsel offered no testimony in her behalf. Appellee and his mother each testified at length. The evidence was undisputed that appellee lived at Teague in Freestone County where he had resided practically all of his life. Appellee testified that he was thirty-four years of age and appellant was thirty-two years of age; that they were married on April 1, 1942, and lived together as husband and wife at intervals until the latter part of October of the same year; that it was understood between them at the time of their marriage they would make their home at Teague, where his home had been all of his life and where the B. R. I. Railroad Company, for which he had worked fourteen years, maintained its home terminal; that about two weeks after the marriage appellant came to Teague to live with him but some two weeks later she stated she did not want to remain there because she said the town was too small for her, and since he was working into Fort Worth on his run he took her there to a hotel where they lived together for one month; on account of the expense involved he insisted they must move into an apartment and after some argument she said she wanted a divorce; they finally did move into an apartment in Fort Worth and remained there until appellant left him, and on October 8th he sent his trunk back to Teague where he resumed residence in the home of his parents; about the middle of October ap-

pellant returned to him at Teague and on October 24th they moved into an apartment, where they lived until appellant again left him the latter part of that month, since which time they had not lived together as husband and wife; on November 17th his service for the B. R. I. was temporarily suspended and he then secured temporary employment with the M. K. & T. Railroad and for about six weeks thereafter he was back and forth from Teague to Smithville and Waco, during all of which time his trunk was in Teague, where he maintained an apartment; from about the middle of January until the time of trial he worked at a tailor shop in Teague, waiting to be called back into the service of B. R. I. Railroad with whom he held seniority rights as an employee.

█ We think the evidence to which we have referred was sufficient to warrant the trial court in finding that appellee had continuously resided in Freestone County for six months next preceding the filing of his petition for divorce. His established residence from childhood was shown to have been in that county and his physical absence from the county during the six month period was only temporary. The evidence was ample to show that he was physically present in the county during the greater portion of the required time. Therefore appellant's first contention is overruled. Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90; McLean v. Randell, Tex. Civ.App., 135 S.W. 1116; Dickinson v. Dickinson, Tex.Civ.App., 138 S.W. 205; Fox v. Fox, Tex.Civ.App., 179 S.W. 883; Hunt v. Hunt, Tex.Civ.App., 196 S.W. 967; Bell v. Bell, Tex.Civ.App., 135 S.W. 2d 546; Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704.

█ No useful purpose would be served by here setting forth a full resume of the sordid testimony relating to the merits of this case, or a summary of the law applicable thereto. The record is replete with evidence of continued nagging, laziness, abusive language, cursing, the throwing of shoes, the pawning of appellee's clothes and watch for the purpose of raising money, and a wanton neglect of the most fundamental duties which a wife ordinarily owes to her husband. If appellant was in fact guilty of all the immoral and criminal conduct which appellee testified she had reported to him in her repeated efforts and threats to extort money from

him after their marriage, then by reason of her prior concealment she was not worthy of an unsuspecting husband's confidence in the first instance; and if she was not guilty of such conduct, as insisted by counsel in her brief, then her subsequent representations to her husband with respect thereto undoubtedly constituted such cruel treatment as to render their further living together insupportable. Assuming the truth of the facts fully alleged in the petition and testified to by appellee and his mother, as it is our duty to do, this marriage was a fatal mistake from its inception and the trial court was entirely justified in dissolving it on his express finding that the material allegations in the petition were true. The judgment appealed from is accordingly affirmed.