## BATEMAN v. B'ATEMAN.
### No. 2641.

Court of Civil Appeals of Texas. Waco.
June 14, 1945.

Rehearing Denied July 12, 1945.

W. L. Wray, of Hillsboro, for appellant.

Horton B. Porter, of Hillsboro, for appellee.

HALE, Justice.

Appellee filed her original petition against her husband in the District Court of Hill County on February 12, 1944, for divorce and custody of their three minor children. She fully alleged facts which, if true, entitled her to the relief sought. Appellant answered with a plea that his wife had not resided in Hill County for six months next preceding the institution of the suit and with a general denial. On May 5, 1944 the court tried the case on its merits without the aid of a jury, rendered judgment in favor of appellee and appellant gave notice of appeal. However, on May 27th the court set aside its judgment on motion of appellee and granted her leave to amend her pleadings. Thereupon she filed her first amended petition on May 29, 1944 which was substantially the same as her original petition. In response thereto appellant filed his plea in abatement on June 6, 1944 alleging again that his wife had not resided in Hill County for six months next preceding the filing of her original petition and further alleging that he had instituted a divorce suit against her in Johnson County on May 2, 1944 which was then pending. The court heard the plea in abatement and overruled the same on November 13, 1944.

The case was tried on its merits the second time on January 17, 1945 with the aid of a jury. In response to special issues the jury found in substance as follows: (1) that appellant has been guilty of such vicious, cruel and ill treatment towards appellee as to render their further living together insupportable; (2) that appellee is, but appellant is not, a fit and proper person to have the care and custody of each of the three children; (3) that the home offered by appellee, and not that offered by appellant, will best promote the interest and welfare of each of the three children; and (4) that the best interest and welfare of the oldest child will be served by allowing him to remain with appellant and appellant's mother. The court rendered judgment granting appellee a divorce and awarding to her the custody of the three children. Appellant did not file any motion for new trial in the court below but he caused an entry of notice of appeal from the judgment to be made on the record, filed his affidavit of inability to pay the cost of appeal and caused transcript, statement of facts and brief on his behalf to be filed in this court, all within the time required by law.

Although the four points upon which the appeal is predicated are loosely drawn in that they do not direct the attention of the court to any specific error relied upon as a ground of reversal, we infer from the first three points and the arguments submitted thereunder that appellant is complaining of the action of the trial court in overruling his plea in abatement and in granting a divorce to appellee because he contends that appellee had not resided in Hill County for six months next preceding the institution of this suit as required by the provisions of Art. 4631, Vernon's Tex.Ann.Civ. Stats. The fourth point presents the contention that the trial court was without authority to set aside the finding of the jury to the effect that the best interest and welfare of the oldest child will be served by allowing him to remain with appellant and appellant's mother. Appellee contends that the judgment appealed from should be affirmed, among other reasons, because the points upon which the appeal is predicated were not presented to the court below in a motion for new trial as required by Rule 324, Texas Rules of Civil Procedure.

When a divorce suit involving the custody of minor children is tried with the aid of a jury, the findings and verdict of the jury are not necessarily binding on the courts. In such a case the province of the jury with respect to issuable facts is to act only in a restrictive or advisory capacity. Although the trial court may not be warranted in granting a divorce when a jury has found that the facts which in law would authorize such relief do not exist, the court is not necessarily required to grant the divorce even though the jury has found the existence of facts authorizing such relief. Grisham v. Grisham, Tex. Civ.App., 185 S.W. 959; McCrary v. Mc-Crary, Tex.Civ.App., 230 S.W. 187. But the findings and verdict of the jury on issues relating to the custody of minor children are always advisory only and are never binding upon the courts. Wright v. Wright, 50 Tex.Civ.App. 459, 110 S.W. 158; Northcutt v. Northcutt, Tex.Civ.App., 287 S.W. 515, error dismissed; Lawler v. Lawler, Tex.Civ.App., 15 S.W.2d 684. In the determination of such issues the trial court is properly vested with broad discretionary powers. Lyle v. Lyle, Tex.Civ. App., 141 S.W.2d 960; Wrather v. Wrath-

er, Tex.Civ.App., 154 S.W.2d 955, error refused; Brillhart v. Brillhart, Tex.Civ. App., 176 S.W.2d 229, error refused.

■■■ Under the record before us we cannot say the trial court erred in overruling appellant's plea in abatement or in granting a divorce to appellee. At the hearing on the plea in abatement the burden of proof rested upon appellant to establish the existence of the material facts therein alleged. Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704. Appellant argues that the action of the court in setting aside its first judgment on May 27, 1944 at the request of appellee is sufficient proof of the fact that appellee had not resided in Hill County for six months next preceding the filing of her original petition. We cannot agree with this argument. Furthermore, although appellant alleged in his plea in abatement that he had filed a divorce suit against his wife in Johnson County on May 2, 1944, this record does not contain a copy of the petition so filed in Johnson County, if any, or any competent testimony as to the substance of the allegations therein contained, or as to the status of such suit at the time of the hearing of the plea on November 13, 1944.

■■■ The evidence adduced at the trial on its merits was amply sufficient to sustain the express finding of the jury and the implied finding of the trial court to the effect that appellant had been guilty of such cruel treatment towards appellee as to render their further living together insupportable and no question is raised by appellant with respect to that issue. While it was shown by the evidence that the parties were occupying a rented apartment in Johnson County for a part of the time during the six months next preceding February 12, 1944, it was not necessary for either of the parties to be physically present continuously in Hill County during the entire six months in order for appellee to show that she was a resident of that county within the meaning of the divorce statutes. Johnson v. Johnson, Tex.Civ. App., 177 S.W.2d 236, pt. 1, and authorities there cited. There was competent testimony to the effect that appellee was born and reared in Hill County; that she and her husband were married in that county in 1939 when she was sixteen years of age;

that they immediately established their home in that county; that some time after their marriage appellant began to move about over the country, working temporarily at Beaumont, Fort Worth, Dallas and other points and appellee accompanied him on some of these trips but they always left some of their things in Hill County where their relatives resided and after such temporary absences they would always return to that county; and that they had never claimed any other county as a permanent place of abode.

■■■ But regardless of the state of the evidence relating to the residence of appellee for six months next preceding the filing of her original petition, the undisputed testimony affirmatively shows that the parties separated in Johnson County about October 1, 1943 and appellee immediately returned to her relatives in Hill County where she has continuously resided since that time without any temporary absence. For the purpose now under consideration it has been held that the filing of the amended petition should be considered as "the filing of the suit" within the purview of the divorce statutes. Dunlop v. Dunlop, 60 Tex.Civ.App. 389, 130 S.W. 715, error dismissed; McLean v. Randell, Tex.Civ.App., 135 S.W. 1116, error dismissed; Hunt v. Hunt, Tex.Civ.App., 196 S.W. 967; Coleman v. Coleman, Tex.Civ. App., 20 S.W.2d 813.

■■■ Appellant has wholly failed to show any abuse of discretion on the part of the trial court in awarding the custody of the three children to appellee. Although the oldest child was less than four years of age at the time when the parties separated, appellant took such child with him over the protest of its mother and placed the child with appellant's mother. The latter did not appear or testify at the trial. Appellant testified that he was not sure where the child was at the time of the first or second trial. Without attempting to set forth the sordid testimony in the record, we deem it sufficient to say that in our opinion the trial court was fully warranted under the evidence in granting a divorce to appellee and in awarding to her the custody of the three children.

Therefore, all of appellant's points are overruled and the judgment of the trial court is affirmed.