**MYERS v. MYERS.**

No. 5850.

Court of Civil Appeals of Texas. Amarillo.

April 5, 1948.

Leonard Winborn, of Dallas, for appellant.

Suddath & Suddath, of Henrietta, for appellee.

LUMPKIN, Justice.

From an order of the court dismissing her case for lack of jurisdiction, the appellant, Hazel Myers, gave notice and perfected her appeal to the Court of Civil Appeals at Dallas, whence it was transferred to this Court by the Supreme Court of Texas.

From the record it appears that on March 10, 1947, the appellant filed in the 14th District Court of Dallas County, Texas, a suit for divorce and custody of her two minor children, alleging in her petition that she had been a bona fide inhabitant of Texas for more than twelve months and had resided in Dallas County for more than six months. Her husband, the appellee, Johnnie Myers, a resident of Clay County, Texas, was named as the defendant. The appellee filed an answer and cross action in which he asked for a divorce and custody of the children. Each party alleged cruel treatment as grounds for divorce. The

record further reveals that on June 13, 1947, the appellant, with leave of the court, filed her first amended original petition, reiterating that she had been a bona fide inhabitant of the state for more than twelve months prior to exhibiting the first amended original petition and had resided in Dallas County for more than six months next preceding the filing of the amended petition. Her grounds for divorce were alleged in substantially the same language as in her original petition. On July 7, 1947, the appellee challenged the jurisdiction of the Dallas court on the grounds that the appellant had not resided in Dallas County for a period of six months next preceding the filing of the suit, and that the amended petition did not set out a new cause of action but was merely a continuation of the original petition. This motion to dismiss was submitted to the court, and on July 7, 1947, the case was dismissed. The case is now before us on an agreed statement of facts which sets forth that the appellant had been a bona fide inhabitant of the state for a period of more than one year prior to the filing of her original petition and had resided in Dallas County from October 2, 1946, to and including July 7, 1947, the day the case was dismissed.

The appellant contends that the trial court erred in dismissing the case since the facts show that the appellant had resided in Dallas County for more than six months and in the State of Texas for more than one year.

■■ By express provisions in the constitution the district courts of this state are given the exclusive jurisdiction of divorce suits. Constitution, Article 5, § 8, Vernon's Ann.St. The legislature, however, may prescribe rules of practice and procedure for the exercise of this jurisdiction. Article 4631, Vernon's Revised Civil Statutes, provides that no suit for divorce shall be maintained unless at the time of exhibiting the petition the plaintiff has been a bona fide inhabitant of this state for a period of twelve months and shall have resided in the county where the suit is filed for a period of six months. Our courts have held this provision to prescribe the qualification of plaintiffs in divorce suits and not to be

concerned with the jurisdiction of divorce suits. Aucutt v. Aucutt et al., 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198. Thus it would seem that the required inhabitancy must exist at the time of exhibiting the petition, and that residence in the county of the suit must be for a period of six months next preceding the filing of the pleading. However, as in this case, where an amended petition is filed, the question may arise as to whether the requirements must be satisfied at the time of filing the original petition. In our earlier cases it was held that the filing of an amended petition setting up a new ground for divorce must be considered as the institution of the suit rather than the filing of the original, although where the amended petition, as in this case, is merely a continuance or amplification of the original petition, the question of residence should be determined as to the time of filing the original petition. Michael v. Michael, 34 Tex.Civ.App. 630, 79 S.W. 74.

■ However, this is not the rule at present. In more recent decisions our courts have held that even in cases in which the amended petition is substantially the same as the original petition, the "filing of the suit" is within the purview of the statute if the amended petition is filed after the petitioner has resided in the county for six months even though the original petition was filed before the six months period had passed. Coleman v. Coleman, Tex.Civ. App., 20 S.W.2d 813; Bateman v. Bateman, Tex.Civ.App., 188 S.W.2d 866, error dismissed; Whitsett et al. v. Whitsett, Tex. Civ.App., 201 S.W.2d 114, writ refused n.r.e.

From the record it appears that the appellant lacked twenty-two days of having resided in Dallas County six months at the time she filed her original petition. At the time she filed her amended petition she had resided in Dallas County for more than eight months. According to the authorities above cited, she satisfied the resident provisions of Article 4631 at the time she filed the amended petition. For this reason the appellant's point of error is sustained, the judgment of the trial court is reversed and cause is remanded to the court below to be tried on its merits.