

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 7, 1961

Honorable A. W. Walker
County Attorney
Dickens County
Spur, Texas

Dear Mr. Walker:

Opinion No. WW-1132

Re: Meaning of the term, "upon
assumption of jury costs"
as used in Article 4639a,
V.C.S. as amended by H.B.
436, 57th Legislature, and
related questions.

By a recent letter, you requested the opinion of
this Department on the meaning of "upon assumption of jury
costs" as used in the subject amendment.

Section 1 of Article 4639a, Vernon's Civil Statutes,
now reads as follows:

"Each petition for divorce shall
set out the name, age, sex and resi-
dence of each child under eighteen (18)
years of age born of the marriage sought
to be dissolved, if any such child or
children there be; and if there be no
such child or children, then the petition
shall so state. No court having juris-
diction of suit for divorce shall hear
and determine any such suit for divorce
unless such information is set out in
such petition or in each cause of action
for divorce. Upon the trial of any such
cause, and in the event a divorce is
granted by the court, if there are such
minor children, it shall be the duty of
such trial court to inquire into the
surroundings and circumstances of each
such child or children, and such court
shall have full power and authority to
inquire into and ascertain the financial
circumstances of the parents of such
child or children, and of their ability
to contribute to the support of same,
and such court shall make such orders
regarding the custody and support of

each such child or children, as is for the best interest of same; provided, however, that the judgment of the court in a jury trial of a divorce cause may not contravene the jury's determination of child custody. In any hearing held in this State concerning the custody of a child, whether pursuant to a divorce cause or not, any party to the hearing may, upon assumption of jury costs, demand a jury to determine custody of the child, and the judgment of the court must conform to that determination. The court may by judgment order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of eighteen (18) years, or, said court may enter a judgment in a fixed amount for the support of such child or children, and such court shall have full power and authority to enforce said judgments by civil contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof, and for the purpose of ascertaining the ability of the parents of such child or children to contribute to the support of same, they may be compelled to testify fully in regard thereto, under penalty of contempt of court, as in other cases. Said court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent." (Emphasis added)

The underlined portion was added by said amendment.

Prior to such amendment the law was that a jury verdict relative to the custody of minor children was merely advisory to the district court and the court was free to disregard such verdict. Bateman v. Bateman, 188 S.W.2d 866 (Civ.App. 1945, error dism.); Kesler v. McGuire, 109 S.W.2d 1115 (Civ.App. 1937). The purpose of the amendment in question was obviously to make the jury's verdict, if any, relative to the custody of minor children binding upon the court and not merely advisory.

Rule 216 of Texas Rules of Civil Procedure pro-
vides, in part, that no jury trial shall be had in any civil
suit in the district court unless application be made there-
for and unless a fee of five dollars be deposited by the
applicant with the clerk to the use of the county.  Rule 217
of such Rules provides that a jury trial may be had without
the required deposit if the applicant shall within the time
for making such deposit file with the clerk his affidavit to
the effect that he is unable to make such deposit, and that
he cannot by the pledge of property, or otherwise, obtain the
money necessary for such purpose.

The phrase "upon the assumption of jury costs" as
used in the subject amendment is susceptible to more than
one construction or interpretation.  However, for the reasons
hereinafter appearing, it is our opinion that by the phrase
"upon the assumption of jury costs," as used in the amendment,
the Legislature meant to require one who is a party to a child
custody proceeding and who elects to demand a jury for the
determination of the custody issues to either pay the five
dollar jury deposit as required by said Rule 216, or in lieu
thereof to file the affidavit showing his inability to make
such deposit as provided for in said Rule 217.

One of the most fundamental and most important rules
of statutory construction is that statutes should be construed
so as to carry out the legislative intent.  In Wood v. State,
133 Tex. 110, 126 S.W.2d 4, 7 (1939), the Supreme Court said:

> "It is the settled law that
> statutes should be construed so as
> to carry out the legislative intent,
> and when such intent is once ascer-
> tained, it should be given effect,
> even though the literal meaning of
> the words used therein is not followed.
> . . . "

As previously indicated, the manifest purpose of the
amendment in question was to enable parties to child custody
hearings to have a jury determination of the custody issues
and for the jury verdict to be binding upon the Court.  If
the language in question were construed to mean that a jury
will be available to such parties only if such parties pay
all of the expenses involved in the selection and use of a
jury, the legislative intent behind such amendment would not
be given full effect, but on the contrary such intent would
be greatly impeded.  The county's expense involved in select-
ing and using a jury in the trial of a cause far exceeds the
five dollar fee required by said Rule 216.  The obvious ef-
fect of shifting such expenses from the county directly to

the litigants demanding jury trials in child custody proceedings would be to virtually eliminate jury trials in child custody proceedings, or at least to greatly reduce the number of such trials from the number there would be if such litigants had the same financial responsibilities as other district court litigants demanding jury trials in non-child custody proceedings.  The legislative intent and purpose behind the subject amendment is effectuated by construing the language in question as requiring child custody litigants to meet the same financial pre-requisites for a jury trial as required of all other district court litigants demanding a jury trial, whereas to require more financially of child custody litigants would be to impede such intent and purpose.  In our view, the Legislature inserted "upon assumption of jury costs" in the amendment for the purpose of showing that child custody litigants demanding a jury were not exempt from the provisions of said Rules 216 and 217, and not for the purpose of creating a financial distinction between child custody litigants demanding a jury trial and all other district court litigants demanding a jury trial.

Another fundamental rule of statutory construction is that a statute must be reasonably construed.  Magnolia Petroleum Co. v. Walker, 125 Tex. 430, 83 S.W.2d 929 (1935); State ex rel. Wilke v. Stein, 36 S.W.2d 698 (Com.App. 1931).  In following the rule of reasonableness, it is our opinion that by the use of the words "jury costs" the Legislature had reference to the expenses of a jury trial in the district court which, at the time of passage of said amendment, was the direct responsibility of jury demanding litigants in the district court, namely the said five dollar jury deposit or the affidavit of inability in lieu thereof.  We believe that it would be unreasonable to construe such scant language as "jury costs" as meaning the actual cost of selecting and using a jury in the trial of a cause in the district court.  If the Legislature had intended to institute such a radical change, we feel that much more compelling language would have been used to express such intent.

There is another reason for adopting the interpretation hereinbefore indicated.  Such reason is the statutory construction rule that a statute should never be given a construction that leads to uncertainty, injustice or confusion if it is possible to construe it otherwise.  Wood v. State, 133 Tex. 110, 126 S.W.2d 4 (1939); Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070 (1927).  An interpretation of "assumption of jury costs" as used in the amendment in question to the effect that jury demanding child custody litigants are required to do more than comply with said Rules 216 or 217 leads to many uncertainties and confusing problems in determining what expenses and costs such litigants must pay.  There are a multitude of services performed by numerous people in selecting

a jury, and there are certain materials and equipment which are necessary for such selection. It seems more reasonable to conclude that "jury costs" means the five dollar deposit required by Rule 216, than it does to conclude that such items as the actual amount paid to the jurors, rental on the jury room or the cost of pencils and paper and other supplies used in selecting the jury panel are within "jury costs," and yet if such term means the actual expense involved in selecting and using a jury, all of the aforesaid items as well as various other items should be included. Certain persons performing services in the selection of a jury panel are paid by the county for such services. Whether or not a child custody litigant demanding a jury would be subject to a claim by the county for reimbursement for such payments is another uncertainty in attendance with the interpretation that the Legislature meant to require more of child custody litigants demanding a jury than compliance with either Rule 216 or 217 of Texas Rules of Civil Procedure.

We agree with the view expressed in your letter that if the language in question means that child custody litigants demanding a jury, unlike other jury demanding litigants, are required to pay the actual expenses involved in selecting and using a jury in the trial of a case, the constitutionality of the amendment is questionable. However, in view of the foregoing, it is unnecessary for us to consider such constitutional questions.

S U M M A R Y

The term "upon assumption of jury costs" as used in Section 1 of Article 4639a, Vernon's Civil Statutes, as amended, means that child custody litigants demanding a jury must either pay the five dollar deposit as required by Rule 216 of Texas Rules of Civil Procedure or file the affidavit in lieu of such deposits as required by Rule 217 of such Rules.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Joe B. McMaster
Joe B. McMaster
Assistant

JBM:mm:zt

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Bill Colburn
Pat Bailey
H. Grady Chandler
Doug Mathews
REVIEWED FOR THE ATTORNEY GENERAL BY: Howard W. Mays