### James R. Barker v. Jerry Broadus.

Decided May 25, 1907.

**Landlord and Tenant—Judgment—Fundamental Error.**

In a suit by a landlord against a tenant to recover title and possession of certain teams and farming implements furnished by the landlord to the tenant to make the crop, where the tenant recovers damages upon a plea in reconvention, but admits the landlord's title to the property sued for, it was fundamental error to refuse to render judgment for the landlord for said property.

Appeal from the District Court of Randall County. Tried below before Hon. J. M. Vansant.

*James R. Barker,* for appellant.

No brief for appellee.

STEPHENS, Associate Justice.—When this case was first considered all the assignments except one had to be disregarded because they were too general. We are now of opinion, however, that on the face of the record there is manifest error which requires the judgment to be reversed in that appellant was denied recovery of the teams and farming implements furnished appellee for the cultivation of land belonging to appellant and for the recovery of which the suit was brought. Appellee, in addition to the general issue, filed a plea in reconvention in which he claimed damages for a breach of the rental contract. In response to this plea the jury returned a verdict in appellee's favor for two hundred dollars. In the plea in reconvention the title of appellant to the property sued for was admitted and, inasmuch as appellee recovered damages under this plea, appellant was clearly entitled to recover possession of the property so admitted to belong to him, and it was fundamental error for the court to enter judgment denying him this recovery.

We also doubt whether there was any evidence of the amount of damage to which appellee was entitled, and are therefore inclined to the opinion that the assignment covering that issue, which is the only one sufficiently definite to be considered, should be sustained, but in view of the conclusion above reached that there is funda-

mental error in the judgment, we do not find it necessary to definitely determine this question.

For the error pointed out the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*