BARRAS v. BARRAS. (No. 517.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 19, 1919.)

DIVORCE ⬥145—HEARING AND DECREE NOT PREMATURE THOUGH WITHIN 30 DAYS AFTER AMENDMENT OF PETITION.

Under Rev. St. 1911, art. 4632, providing that divorce suit shall not be heard or decree granted before expiration of 30 days after the suit is filed, court did not err in hearing and granting divorce more than 30 days after the filing of the original petition, but less than 30 days after filing of so-called "first amended original petition," where the latter petition merely answered defendant's plea to the jurisdiction and other facts pleaded by him specially, and restated cause of action without specifying any ground for divorce; such petition being in effect a first supplemental petition.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Action by Elizabeth Barras against Lucian Barras. Judgment for plaintiff, and defendant appeals. Affirmed.

V. J. Wistner and Guy Robertson, both of Port Arthur, for appellant.

Stout & Rose, of Port Arthur, and Howth & Williams, of Beaumont, for appellee.

WALKER, J. This is an appeal from a decree granting a divorce to appellee. The only assignment of error is:

"The court erred in hearing and granting the divorce in this cause before the expiration of 30 days after the filing of plaintiff's first amended original petition."

The statement given under this assignment is:

"Plaintiff's first amended original petition was filed on February 4, 1919, and the cause was heard and tried on the same day."

Appellant cites Hunt v. Hunt, 196 S. W. 967; R. S. 4632.

Appellee's original petition was filed on March 2, 1918. On February 4, 1919, she filed what she designated her "first amended original petition." This, in effect, is nothing more than a first supplemental petition. In this petition she answers appellant's plea to the jurisdiction and the other facts pleaded by him specially. It is true that she restates her cause of action as pleaded in her original petition, but no new ground for di-

vorce is stated. Hunt v. Hunt, supra, is not authority for the proposition advanced by appellant under these facts.

Finding no error in this record, the judgment in this cause is in all things affirmed.