### BASON v. BASON. (No. 10494.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 9, 1924. Rehearing Granted April 5, 1924.)

**1. Appeal and error ⬤⇒773(5)—Trial of case on wrong theory is fundamental error requiring reversal.**

Where a case is tried on the wrong theory, the error is fundamental, and requires reversal of the judgment, in view of Rev. St. art. 1607, though no briefs are filed.

**2. Appeal and error ⬤⇒773(1)—Somewhat discretionary with appellate court to dismiss appeal for want of prosecution.**

In cases where no briefs are filed it is somewhat discretionary with the appellate court to dismiss the appeal for want of prosecution or consider questions apparent of record.

**3. Divorce ⬤⇒59—Plaintiff's removal from county, after filing suit there did not deprive court of jurisdiction.**

Under Rev. St. art. 4632, as amended by Laws 1921, c. 82, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 4632), requiring plaintiff in divorce actions "at the time of exhibiting his or her petition" to be resident in the state and county where suit is filed, plaintiff's removal from a county after filing suit there did not deprive the district court of that county of jurisdiction, since the statute does not require continuous residence after filing suit.

**4. Divorce ⬤⇒186—Appellate court will decree divorce upon reversal when necessary facts found.**

Where the court found all facts but that of residence in favor of plaintiff, awarding her a minor child, but erroneously denying a divorce because she moved out of the county after filing suit, the appellate court will decree divorce upon reversal.

Appeal from District Court, Knox County; J. H. Milam, Judge.

Suit by Jessie May Bason against E. P. Bason. Decree for defendant, and plaintiff appeals. Reversed and rendered.

J. S. Kendall, of Munday, for appellant.

BUCK, J. At a former day of this term we dismissed this appeal for want of jurisdiction, no briefs having been filed. The appellant has filed a motion for rehearing, urging that fundamental error is shown, and that we are authorized, if not required, to consider such fundamental error. This is a divorce case. The plaintiff, Mrs. Jessie May Bason, sued E. P. Bason for a divorce, and the defendant was duly cited. The trial court found that plaintiff had resided in the state and in Knox county the required time prior to the filing of the suit, and that plaintiff was entitled to a divorce on the ground of more than three years' abandonment, but further found that after the filing of plaintiff's petition she removed from Knox county, and at the time of trial resided in Baylor county. Hence he denied the divorce. Plaintiff has appealed.

[1] The decisions, under article 1607, Rev. Statutes, as to what constitutes fundamental error, or error apparent on the face of the record, seem to be rather liberal in their construction. Where it is apparent on the face of the record that the defendant resided and the land upon which a foreclosure was sought was situated in a different county than that in which the suit was brought, the Supreme Court, although no assignments of error were in the record, took cognizance of the want of jurisdiction of the trial court, and dismissed the cause. Shropshire v. Dunson, 32 Tex. 467. In Connor v. City of Paris, 87 Tex. 32, 27 S. W. 88, it was held that when it devolves upon the Supreme Court to enter such judgment, as the trial court should have entered an erroneous judgment below will not be entered by the Supreme Court because the point of objection had not been assigned. Where the case is tried on the wrong theory, such error is so fundamental as to require a reversal of the judgment. G., H. & S. A. Ry. Co. v. Hennegan, 33 Tex. Civ. App. 314, 318, 76 S. W. 452. See, also, Barker v. Broadus, 46 Tex. Civ. App. 516, 103 S. W. 191; Pipher v. Bissonet (Tex. Civ. App.) 36 S. W. 770, 771; S. A. & A. P. Ry. Co. v. Bowles (Tex. Civ. App.) 30 S. W. 89, affirmed by Supreme Court in 88 Tex. 634, 32 S. W. 880.

[2] It being somewhat discretionary with an appellate court in a case of this kind whether it shall dismiss the appeal for want of prosecution or shall consider questions apparent of record, we have concluded to consider the question here involved. Rio Grande Ry. v. Brownsville, 45 Tex. 88.

[3] Article 4632, Rev. Civ. Statutes, as amended by Laws 1921, c. 82, § 1 (Vernon's

Ann. Civ. St. Supp. 1922, art. 4632), reads in part as follows:

"No suit for divorce from the bonds of matrimony shall be maintained in the courts of this state unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the state for a period of twelve months, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit."

It will be noted that in order to give jurisdiction to the district court on account of plaintiff's residence the plaintiff must "at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the state for a period of twelve months, and shall have resided in the county where suit is filed six months next preceding the filing of the suit." The suit having been filed, the plaintiff was not required by the statute to reside in the county where the suit was filed continuously or otherwise up to the time of the trial, and we are of the opinion that the fact that she left Knox county after the filing of the suit and resided in another county would not deprive the district court of Knox county of jurisdiction.

[4] The court having found all the facts, except that of the residence of plaintiff at the time of the trial, in favor of plaintiff and her cause of action, and that she was a fit and proper person to have the custody of her minor child, we reverse the judgment of the trial court, and here render judgment for plaintiff, granting her a divorce from the bonds of matrimony, as prayed for, and award to her the care and custody of the minor child, the fruits of the marriage between the plaintiff and defendant below.

Reversed, and here rendered.