## GREEN v. GREEN.
### No. 1131.

Court of Civil Appeals of Texas. Waco.
Dec. 31, 1931.

Olin E. Nesmith, of Dallas, for appellant.

Sullivan & Wilson, of Dallas, for appellee.

BARCUS, J.

In June, 1929, appellee instituted this suit against appellant for a divorce and the custody of his minor child. On December 29, 1930, appellee filed his first amended petition. On December 30, 1930, the cause was tried to the court and resulted in judgment being entered awarding appellee a divorce and awarding the custody of the child to

appellant for eight months in the year and to Mrs. S. N. Green, the child's paternal grandmother, for the months of June, July, August, and September each year until the child reaches the school age, and after that time appellant is awarded the custody of the child for the school terms. The judgment provides that appellant and appellee each be allowed to see the child at all and any reasonable times and enjoins all parties from removing the child out of the jurisdiction of the district court of Dallas county.

■ Appellant contends the judgment of the trial court is fundamentally erroneous because the amended petition had not been filed more than thirty days prior to the time the decree was entered. We overrule this contention. The record shows that the original suit had been filed for more than a year. This identical question was decided adversely to appellant's contention in Barras v. Barras (Tex. Civ. App.) 217 S. W. 252.

■ Appellant further contends that appellee did not state any ground for a divorce, in that he alleged only in general terms facts which he pleaded had rendered their living together as husband and wife insupportable and unbearable. Appellant did not urge any special exceptions to appellee's petition and no ruling from the court was invoked by her on her general demurrer. This question was determined adversely to appellant's contention in McCullough v. McCullough (Tex. Com. App.) 36 S.W.(2d) 459, 462, in which opinion the court stated: "In this connection we hold that a divorce granted by a court of competent jurisdiction on a petition which merely alleges the defendant has been guilty of such excesses, cruel treatment, and outrages against the plaintiff of such a nature as to render their further living together insupportable, is good against a general demurrer." To the same effect is the holding of this court in the case of Swift v. Swift, 37 S.W.(2d) 241.

■■ Appellant assigns error to that portion of the judgment of the trial court awarding the child to the paternal grandmother for four months in the year, on the theory that same is without any pleading to support it, and that since the trial court found each of the parents was a fit and proper person to care for and have the custody of the child, it was not authorized in a divorce proceeding to award the custody of the child to the paternal grandmother for a portion of each year. We sustain these assignments. The record shows that at the time of trial the child, a girl, was a few months past three years of age. There was no pleading on the part of the paternal grandparent, Mrs. Green, or any one else, asking that she be awarded the custody of the child. Article 2211 of the Revised Statutes provides that the judgment must conform to the pleadings. Articles 1971 and 1997 of the Revised Statutes provide that a suit is begun by having a petition filed and that the petition shall state succinctly the cause of action. In Hardy v. McCulloch, 286 S. W. 629 (error ref.), this court held that after a divorce had been granted and the judgment had become final, the trial court could not at a subsequent term of court without any pleadings change its judgment relating to the care and custody of the minor child, holding in effect that before a child's destiny could be effected, pleadings must be filed and the parties at interest given an opportunity to be heard.

Article 4639 of the Revised Statutes provides that in a divorce suit the court has the power to award the children to either the father or mother. Our courts have uniformly held that where it appears that neither the father nor mother is a fit or proper person to have the custody, care, and control of the children, upon application the court may award the children to any one asking therefor who will agree to assume said responsibility. Noble v. Noble (Tex. Civ. App.) 185 S. W. 318; Futch v. Futch (Tex. Civ. App.) 299 S. W. 289. We think the real intention of the Legislature in enacting article 4639 was to require the trial court, in a divorce proceeding where the question of the disposition of the children was involved, to award them to one or both of the parents unless it appeared that neither one was a fit and proper person to have their care, custody, and control. Where there is more than one child, the court can award part of the children to one and part to the other parent, or divide the childrens' time between the parents. We, of course, recognize the rule that in dealing with children their interest alone is paramount and should be taken into consideration by the court in making its award relative to their custody. Our courts universally hold, however, that where the parents are able, competent, and fit persons to care for their children, they should be given the custody and control thereof.

In Swift v. Swift, 37 S.W.(2d) 241, supra, this court, following a long line of authorities there cited, held that where the child is a girl of tender age, as in the case at bar, everything else being equal, the mother should be given preference in awarding the custody of the child.

The record shows that appellee is temporarily staying in Houston where he has obtained work, and there is nothing to show how long he will likely remain in said city. The trial court, without giving any reason therefor, failed to award him the care and custody of the child for any portion of the time. He does not appeal.

Since there is no pleading supporting that portion of the judgment which awards the

custody and control of the child to its paternal grandmother for four months in the year, and since the record shows affirmatively that appellant is a proper and fit person to have the entire care, custody, and control of said child, that portion of the judgment awarding the custody of the child to its paternal grandmother, Mrs. S. N. Green, is set aside, and judgment is here entered awarding the entire custody, care, and control of the child to appellant. The judgment of the trial court granting the divorce and allowing appellee the right to visit the child at all reasonable times is affirmed.