## ROOT v. ROOT.
### No. 895.

Court of Civil Appeals of Texas. Eastland.
Feb. 5, 1932.

Rehearing Denied June 10, 1932.

Frazier & Averitte, of Hillsboro, O. F. Chastain, of Longview, and Cofer & Cofer, of Austin, for plaintiff in error.

Conner & McRae, of Eastland, and Cyrus B. Frost, of Eastland, for defendant in error.

FUNDERBURK, Justice.

A motion to strike out the statement of facts heretofore duly filed was passed to be considered with the case upon its merits. The facts pertinent to a consideration of the motion, and upon which it is based, are as follows: Judgment in this case was entered April 26, 1930. The term of court at which it was rendered began April 7, 1930, and ended May 31, 1930. The order overruling motion for new trial made and entered May 28, 1930, granted the plaintiff ninety days from that date in which to file bills of exception and statement of facts. Petition for writ of error and writ of error bond were filed October 18, 1930. Service of the writ of error was made February 23, 1931. On January 2, 1931, the trial court, in response to an application therefor, entered its order extending the time for filing statement of facts and bills of exceptions to and including January 15, 1931. On January 15, 1931, the court, upon further request being made, entered its order extending the time to file bills of exception and statement of facts to and including January 16, 1931. On January 16, 1931, the trial judge made his certificate or order, reciting that the parties had failed to agree upon a statement of facts, and that plaintiff had presented a statement of facts and defendant had failed to present a statement of facts, and that from the statement presented, and his knowledge of the facts, he had prepared the foregoing statement of facts, duly certifying to same, and ordering it filed. Said statement of facts was filed in the trial court on January 16, 1931, and in this court on March 24, 1931.

The plaintiff's first application for an extension of time, filed January 2, 1931, seven months and four days after the motion for new trial was overruled, and four months and six days after expiration of the ninety days time allowed, was opposed by the defendant. The defendant challenged same by general demurrer, general denial, and a special plea, asserting that the court had no jurisdiction or authority to grant the extension at that time, giving as reasons therefor that the judgment was rendered more than six months prior to the filing of the application:

that the petition for writ of error and writ of error bond had already been filed and citation served, all long prior to the filing of the application, and that there were no previous orders 'extending such time. The second and third orders extending the time recited that good cause was shown. On January 16, 1931, the same day the trial judge approved the statement of facts and same was filed in the trial court, the defendant filed a motion protesting against the approval of the statement of facts, and requesting the court not to approve same, and that, if already approved, to withdraw such approval. It was alleged in the motion that the statement of facts, containing 915 pages, was presented to the defendant's attorneys at about 2:30 o'clock p. m. on the 16th day of January, 1931, with the request that same be approved, and with a statement by counsel for plaintiff that he realized the fact that it would be a physical impossibility for counsel for defendant to read said statement of facts within the time left for the filing of same, as shown by the order extending the time for the purpose, and requested that, if counsel for defendant was unwilling to approve the statement of facts, then that they disapprove same. That counsel for plaintiff, in refusing a request to leave the statement of facts a sufficient length of time for same to be examined, picked same up and took it away after not exceeding ten minutes. A bill of exceptions sets out the motion, and recites that the court heard evidence upon the motion, which the bill refers to and adopts as a part thereof, and that thereupon the court overruled the motion. A statement of facts consisting of seven pages, purporting to show the evidence heard by the court on said January 16, 1931, is filed as a part of the record, same having been approved by the parties and the trial judge, and having been filed in the trial court on February 5, 1931, and in this court on April 8, 1931. This document, labeled "Statement of Facts," we identify as containing the evidence referred to in, and made a part of, said bill of exceptions. Therein it appears, without dispute, that the averments of the motion were substantially true. The evidence shows, among other things, that the statement of facts was finished January 16, 1931, about 1 o'clock p. m.; that it was presented to defendant's attorneys, who neither approved nor disapproved same; that it consisted of 915 pages, and about ten minutes after it was presented to defendant's attorneys, with the request for their approval or disapproval, it was taken away and filed in the trial court, approximately an hour and a half after same was presented to the defendant's attorneys.

■ We think said motion to strike out the statement of facts raises a question, sufficiently presented to require our consideration, of whether or not, when the parties fail to either agree or disagree upon a statement of facts, the authority of the trial judge to "prepare and sign and file with the clerk a correct statement of facts," as provided in R. S. 1925, art. 2240, is conditioned upon a showing that the appellee or defendant in error has had twenty days' time in which to signify approval or disapproval. To state the question differently, has an appellee or a defendant in error a legal right to have a proposed statement of facts presented to his attorneys for approval or disapproval with twenty days' time in which to examine same, and signify approval or disapproval, and, if so, is the exercise of such right, or the opportunity to do so, a condition precedent to the authority of the trial judge to prepare, sign, and file said statement of facts, as provided in said article 2240?

Prior to the Act approved February 21, 1927 (chapter 44), amending R. S. 1925, arts. 2238, 2239, and 2240, by adding articles 2241a and 2241b (Vernon's Ann. Civ. St.), although the law impliedly recognized the right of an appellee or defendant in error to be afforded an opportunity to either approve or disapprove a proposed statement of facts, there was no time prescribed for such examination and action. As a matter of common knowledge, the result of this defect in the law was twofold. Appellant or plaintiff in error could wholly defeat the right in practical effect by presenting a statement of facts too late for its examination, with a peremptory demand to approve or disapprove same. Except upon the waiver of the right of an examination necessary to any real approval or disapproval, the attorney of the appellee or defendant in error could at most only decline to agree. In such case the statement of facts could immediately be taken to the trial judge and a showing made that the parties had failed to agree, thus authorizing the trial judge to prepare, sign, and file the statement of facts. On the other hand, if counsel for appellant or plaintiff in error sought to accord to adverse counsel the right of examination with ample time therefor, the exercise of that right was subject to grave abuses. What practicing lawyer cannot recall times when he has presented counsel for appellee or defendant in error with a statement of facts for his approval in ample time, as he thought, and then has been met with excuse after excuse for delay in any action, until he has been forced, from the shortness of time, into a state of well-nigh unbearable suspense? It was the manifest purpose, we think, in the enactment of said articles 2241a and 2241b, to remedy this situation, and more clearly to define and give effect to the rights of the parties. Said articles 2241a and 2241b, which were in force when the proceedings herein reviewed were had, are as follows:

"Whenever within the eighty days that are provided by law for filing bills of exceptions

and statements of fact in the trial court, the appellant or his attorney shall present bills of exceptions and statements of fact to the appellee or his attorney for the purpose of procuring an agreement thereto as provided in Articles 2239 and 2240, it shall be the duty of the appellee and his attorney to return to the appellant or his attorney the bills of exceptions and statements of fact within twenty days after having received said bills of exceptions and statements of fact, with his approval or disapproval of the same.

"If the appellee or his attorney fails to return to the appellant or his attorney the bills of exceptions and statements of fact within twenty days after the date they are delivered to him, with his approval or disapproval, then it shall be conclusively assumed that there is a disagreement upon said bills of exceptions and statements of fact and upon proof in any manner satisfactory to the judge of the trial court that said bills of exceptions and statements of fact had been delivered to the appellee or his attorney for twenty days or more, said judge shall then make out, sign and file with the clerk proper bills of exceptions and statements of fact in the same manner as provided for in Articles 2239 and 2240 as in case of an actual disagreement."

By these provisions appellant or plaintiff in error is charged with advance knowledge that appellee or defendant in error, by attorney, has twenty days within which to examine the proposed statement of facts, and to express his approval or disapproval. Whatever time the law allows to file his bills of exceptions and statement of facts, or to whatever time it may, for good cause, be extended, he knows that, before same is filed, it must be either (1) approved by the attorneys of both parties and the judge, or (2) must be prepared, signed, and filed by the judge, after the parties have failed to agree. If the condition is as last stated, then he is charged with knowledge that the judge cannot so prepare and file a statement of facts, unless and until it is shown that the appellee's or defendant in error's attorneys have had twenty days' opportunity to either approve or disapprove the statement of facts, and have disapproved same or failed to either approve or disapprove. This right, if same is to be given any effect, necessarily operates to qualify the authority of the trial judge to make, sign, and file a statement of facts, as provided in said article 2240, or to grant such an extension of time in which to have bills of exceptions and statement of facts approved, as operates to deny such right. The amendment, we think, was very salutary. By these statutes legal rights theretofore dimly recognized are so defined and protected as to prevent their destruction by the willful or negligent acts of the adverse party.

We are therefore of opinion that the trial judge had no authority, under the circumstances of this case, as affirmatively disclosed by the record, to prepare, sign, and file a statement of facts, and that to give effect to a legal right of the appellee it is necessary to sustain the motion and strike out such statement of facts, which is accordingly so ordered.

It next becomes necessary to consider what assignments of error, if any, present questions which may be considered in the absence of a statement of facts. The only assignments of error presenting questions wholly independent of the evidence appear to be those questioning the jurisdiction of the trial court. The consideration of this question requires a further statement.

Plaintiff filed suit for divorce in the trial court March 10, 1928. The original petition was sufficient to invoke the court's jurisdiction upon an action for divorce. The pleading contained necessary averments to the effect that the plaintiff had been a bona fide inhabitant of the state for more than twelve months, and a resident of Eastland county for more than six months preceding the suit. While the suit was yet pending, plaintiff filed a similar suit for divorce in the Ninety-Sixth judicial district court of Tarrant county on March 16, 1929. The petition in the latter case was sufficient to invoke the jurisdiction of that court. The petition alleged that plaintiff had actually resided in Tarrant county for more than a year next preceding the filing of the petition. The Tarrant county suit was styled the same as the Eastland county suit, and was numbered 82820. On April 26, 1929, upon the written agreement of the plaintiff and defendant, said district court of Tarrant county "transferred to the 91st Judicial District Court of Eastland County said cause, to be there consolidated with said original suit, being numbered 13,335." On November 25, 1929, by order of the trial court, said causes, in pursuance of said agreement, were consolidated and given the number of the original suit. On November 26, 1929, plaintiff filed her amended pleading upon which the case was tried. It was therein alleged that the plaintiff had "next preceding the filing of her petition for divorce in Cause No. 82,870, in the District Court of Tarrant County," been a bona fide inhabitant of the state of Texas, and had actually and continuously resided in said Tarrant county for more than one year.

On November 26, 1929, after the consolidation of said causes in the trial court, the defendant filed his pleading upon which the case was tried, which was an amended answer and cross-bill. In the cross-action it

was alleged, in substance, that the plaintiff was not the wife of defendant, and never had been; that the only relation theretofore existing between them was that of employer and employee; that that relation had ceased in October, 1927; that the plaintiff, whose real name was Margaret Messenger, began soon thereafter masquerading under the name of Margaret M. Root, and claiming to be, and holding herself out to the public as, defendant's wife; that she was then sojourning in Fort Worth, and stopping at the Texas Hotel, where she was registering herself as Margaret M. Root; that by reason of said facts the plaintiff was apparently entitled, under the law, to purchase necessaries chargeable to defendant's account, and that, although the defendant would not be liable, he would be put to inconvenience, trouble, and expense to avoid being held liable; that, based upon the nature of the suit pending for divorce, and claims theretofore made, the defendant, upon belief, alleged that the plaintiff would continue to masquerade under the name of Margaret M. Root, to which she had no right, and would continue the use of such name, regardless of the outcome of the suit. There were further allegations as to the plaintiff's claim to an interest in defendant's property and of facts designed to show that such claim would embarrass, harass, and annoy him, and cast clouds upon the title to his said property. Permanent injunction was sought, based upon such allegations, praying that she be enjoined from masquerading under the name of Margaret M. Root, or as the wife of defendant, that he be decreed not to be the husband of plaintiff, and that she be enjoined from claiming or asserting any right or title to property owned by him, and that such property be decreed to be his separate estate, and that he have such general and special relief to which he might show himself entitled.

■ Plaintiff's original petition, filed March 10, 1928, affirmatively showed the jurisdiction of the court. Her petition filed in the district court of Tarrant county showed jurisdiction of that court. There was no inconsistency even in the allegations in the two pleadings. If it were necessary, they could be harmonized by presuming that for six months prior to March 10, 1928, she had resided in Eastland county, and immediately upon filing that suit had changed her residence to Tarrant county, and there resided for more than one year before filing the Tarrant county suit. By such change of residence she would in no wise have detracted from or defeated the jurisdiction of the Eastland county court. Bason v. Bason (Tex. Civ. App.) 260 S. W. 687. But, even if she had, the voluntary transfer of the Tarrant county suit to the district court of Eastland county would, we think, have transferred to the latter court all the jurisdiction acquired by the Tarrant county court. That jurisdiction is affirmatively disclosed in the plaintiff's trial pleading. We see no reason why a divorce case is not subject to our venue laws the same as any other suit. In fact, R. S. 1925, art. 1995, subd. 16, prescribes the venue of divorce suits along with other kinds of suits. The jurisdictional facts as to inhabitancy of this state and of residence in a particular county have application up to the time of filing the suit and fix the place of filing, but, once those jurisdictional facts exist and the suit is filed, there is no obstacle, as we see it, to a transfer of the case to another district court for trial.

■ It is not necessary for us to discuss the jurisdiction based upon the defendant's cross-action. We are inclined to the view that the cross-action sufficiently stated a cause of action to invoke the jurisdiction of the court to determine that the plaintiff and defendant had never sustained to each other the relation of husband and wife. If so, independently of the other reasons given, we would find it necessary to overrule the contention that the trial court was without jurisdiction.

Finding no error in the judgment, we conclude that it should be affirmed, which is accordingly so ordered.