## VAN DYCK v. VAN DYCK.
### No. 12720.

Court of Civil Appeals of Texas. Dallas.
Oct. 1, 1938.

Rehearing Denied Nov. 21, 1938.

Guthrie & Guthrie, of Dallas, for plaintiff in error.

J. E. Newberry, of Dallas, for defendant in error.

YOUNG, Justice.

Plaintiff in error was defendant below in a divorce action filed by her husband, J. O. Van Dyck, March 18, 1937, on grounds of cruelty. The case was tried on second amended original petition, filed October 20, 1937, and final decree rendered November 15th thereafter, granting the divorce and property division. No children were involved, and complaint here is made only of the insufficiency of pleading and proof to authorize the judgment appealed from.

The original petition of plaintiff, J. O. Van Dyck, in the trial court contained the necessary allegations of twelve months' bona fide inhabitancy in the state and residence in Dallas County for six months next before its filing, as required under Art. 4631, R.S., Vernon's Ann.Civ.St. art. 4631. The second amended petition of the above date plead in such connection as follows: "That plaintiff is now and has been for a period of more than twelve months next preceding the filing of his original petition in this cause an actual bona fide inhabitant of the State of Texas, and has actually resided in Dallas County,

Texas, for a period of at least six months next prior to the filing of his said petition in this cause * * *." Preliminary to the trial the defendant, Mrs. Van Dyck, filed a plea in abatement, or to the jurisdiction, alleging facts to the effect that plaintiff, since December, 1936, had abandoned his citizenship in Texas and residence in Dallas County by removing to Arkansas with the intention of there establishing his legal residence for the purpose of a divorce, hence that when his original petition was filed, as well as his amended petition, and upon date of trial, said plaintiff was not a qualified petitioner under the well known provisions of said Art. 4631, R.S., Vernon's Ann.Civ.St. art. 4631. Plaintiff's answer to such pleas was that, at all times since 1935 he had been continuously an inhabitant of Texas and a resident of Dallas County. The pleadings of plaintiff, as subsequently amended, were merely in amplification of his original petition on detailed charges of cruelty.

▆▆▆ Under this state of the record, propositions one and two of defendant (appellant), challenging the validity of the judgment herein and the sufficiency of plaintiff's amended petition on which same was based, are:

"1. In a divorce action where a second amended original petition is filed in lieu of all other pleadings and is made the basis for divorce, under the mandatory provisions of Article 4632 of the Revised Civil Statutes of Texas a Trial Court cannot render a divorce decree until thirty days after the filing of the amended petition.

"2. Where the original petition in a divorce action is filed March 18, 1937 and a second amended original petition is filed October 20, 1937 in lieu of all other pleadings, and in the second amended original petition the plaintiff alleges that he has been a bona fide inhabitant of the state twelve months and a resident of the county six months next preceding the filing of the original petition and makes no allegation as to inhabitancy within the State and residence in the county for the seven months' period between the filing of the original petition and the filing of the second amended original petition, the mandatory requirements of Article 4631 of the Revised Civil Statutes of Texas with respect to twelve months' inhabitancy within the state and six months' residence in the county next preceding the filing of the amended

petition are not complied with, and it is error for the Trial Court to grant a divorce on such a defective petition."

Defendant below cites Dunlop v. Dunlop, 60 Tex.Civ.App. 389, 130 S.W. 715, and Coleman v. Coleman, Tex.Civ.App., 20 S.W.2d 813, in support of her contention that the divorce decree in the instant case is fatally defective, as having been rendered less than thirty days from date of plaintiff's amended petition, although no new grounds were stated therein, except as to detail, than were contained in the original petition filed seven months prior thereto. We overrule this proposition. The record here is more nearly analogous to Hutt v. Hutt, Tex.Civ.App., Galveston ct., 76 S.W.2d 567, 571, where, upon a similar question, the court said: "As concerns the claim of lack of jurisdiction, the record conclusively shows that the appellee invoked the jurisdiction of the court in his petition of July 22, 1932, wherefore the filing of his amended petition of 1933 was not a filing of this suit within the contemplation of R.S. art. 4632; the same cause of action for divorce being declared upon in the original as was in the amended petition". Barras v. Barras, Tex.Civ.App., 217 S.W. 252; Green v. Green, Tex.Civ.App., 45 S.W.2d 331, are to the same effect; and, in Michael v. Michael, 34 Tex.Civ.App. 630, 79 S.W. 74, 76, the San Antonio Court, to the same point, said: "The court treated the amendment as a mere amplification of the original petition, and made the matter of jurisdiction of the court turn upon the facts concerning the domicile of the appellee at the time of filing the original petition. If the amendment was but a continuation of the original suit, the charge submitted the proper issue; if, however, the amendment was such as to change the cause of action so that it was the institution of a new suit, the question as to the bona fides of appellee's inhabitancy of Texas, and his residence for six months in Bexar county preceding the filing of the fifth amended petition on January 20, 1902, was the one to be considered * * *."

▆▆▆ The principles of the Dunlop and Coleman Cases, supra, cited by defendant, are not adverse to the above ruling; in the latter, Judge Funderburk simply holding that where, at the time of the filing of the original petition, the complainant had not resided in the county for six months, as required (Art. 4631, R.S.), but filed an amended petition, after completing the necessary

residence, the latter pleading was tantamount to the filing of a new suit, making applicable the mandatory provisions of Art. 4632, R.S. Here, the testimony of plaintiff Van Dyck alone was sufficient for the learned trial judge to properly conclude, as she did, that the requirements of Art. 4631, R.S., of inhabitancy and residence, next preceding the filing of the original petition herein, had been met.

What we have just said, in overruling defendant's first assignment and proposition, with special reference to the quotation from the Michael Case, supra, fully authorizes the same disposition of her further proposition, that a failure to allege inhabitancy within the State and residence in the county for the seven months period between the filing of the original petition and of the second amended original petition, was a material defect in pleading under Art. 4631, R.S. We conclude such proposition to be erroneous under the facts at hand and the cases already cited; 15 Tex.Jur. (Divorce and Separation) page 537, Sec. 74, stating the rule that, "where the amended petition is merely a continuance or amplification of the original petition, the question of residence should be determined as of the time of the filing of the original petition". The principle just stated is logical in the light of the plain language of the statute, as well as for the reason that, under the uniform holdings of our courts, a petitioner for divorce is not required to reside in the county of suit continuously or otherwise up to the time of trial; and the trial court is not deprived of its jurisdiction, though the complainant moves to and resides in another county after filing his original petition. Bason v. Bason, Tex.Civ.App., 260 S.W. 687; Root v. Root, Tex.Civ.App., 60 S.W.2d 525. Defendant argues that the following cases— Lawler v. Lawler, Tex.Civ.App., 15 S.W.2d 684; Gladney v. Gladney, Tex.Civ.App., 24 S.W.2d 96; Jones v. Jones, Tex.Civ.App., 21 S.W.2d 559; and Coleman v. Coleman, supra—support a contrary rule. We do not find them adverse, but, on the other hand, entirely distinguishable under the particular facts. In the Jones Case, for instance, the amended petition contained none of the indispensable allegations required by the article in question; and, in the others, the petitioners had not complied with the requisites of Art. 4631, R.S., at the time of filing the original petition, making such allegations in the amended pleading jurisdictional and mandatory as in the nature of a new cause of action. Moreover, all the jurisdictional issues under the requirements of this particular article, were alleged and raised in the plea in abatement, as to inhabitancy and residence, at all material dates involved in the original and amended petitions; and plaintiff's necessary allegations in response thereto, considered in connection with his amended or trial pleadings, fully satisfy the statute.

We have considered the remaining assignments and propositions in error; concluding that all of same should be overruled and the judgment of the trial court affirmed.

Affirmed.