**RUSSELL v. RUSSELL.**

No. 14820.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 31, 1947.

Marshall & King, of Graham, for appellant.

Penix & Penix, of Graham, for appellee.

HALL, Justice.

Appellee Murray Russell sued appellant Clara Russell for divorce in Young County, Texas, alleging among other things cruel treatment. Appellant contested the suit. The case was tried before the court who rendered judgment for divorce to appellee. From such adverse action the appellant has appealed to this court seeking reversal of the case upon the following grounds:

(1) That appellee was not a legal resident of the State of Texas for one year and of the County of Young for six months next preceding the filing of the petition herein.

(2) That the judgment in this cause was not based upon "full and satisfactory" grounds and proof under the statute authorizing the court to grant a divorce.

(3) That the action and conduct complained of by the appellee was committed outside of the jurisdiction of the court, and was therefore not proper, pertinent or relevant, nor sufficient grounds for a cause of action, and that any action and conduct which might have given rise to a cause of action which would authorize a decree of divorce was "condoned" by the appellee.

(4) That the action and conduct of appellee was of such a nature, degree and character as to be a recrimination of all of the acts and conduct alleged on the part of the appellant.

(5) That the allegations of appellee's petition are not covered by the statute, and are not sufficient grounds upon which to base a decree of divorce.

In answer to Point of Error Number 1, we find the testimony is sufficient to meet the requirement of the statute. Such testimony is as follows: The appellee testified that he became a citizen of Texas in

February, 1945; that he moved to Young County on the 18th day of February, 1946 and filed his petition in this cause on the 26th day of August, 1946. He further testified that he moved to Texas for his health, and that he had paid his poll tax in this State.

Points Numbers 2 and 5 pertain to the same subject matter. We will therefore discuss them jointly. They pertain mostly to the insufficiency of pleadings and proof to authorize the judgment appealed from. The testimony upon the trial of the case showed that the parties were married and lived together in Milwaukee, Wisconsin; that appellee became sick with chronic bronchial asthma, and on the advice of doctors left his home and moved to San Angelo, Texas. Appellee testified that while residing in Wisconsin appellant was of a suspicious nature; that she telephoned his friends as to his whereabouts, and that such suspicious conduct followed him to Texas; that she was writing letters to a Mrs. Russell; that she made a visit to Texas for the purpose of spoiling things for him, and that while here she would curse and abuse him, naming at least one of the bad names she called him. He further testified that she told him that unless he was back in Milwaukee by the following Christmas she was going to sue him for divorce, and that she threatened him on numerous occasions with a suit for divorce. That he did make a trip back to Milwaukee for a few days, upon a leave of absence from his work, but that his wife made it so miserable for him that he immediately came back to Texas. That he tried to get her to come down to Texas and live, and that she refused to do so. He further testified that when he left Milwaukee his home was almost paid out, and that he left some $1500 in U. S. Government Bonds to support his wife and two minor children. That when he came to Texas he was sick, weak and tired, and was unable to secure work at all times, but that under such conditions the appellant caused him to be arrested, thrown in jail, sent back to Milwaukee, and there placed in jail for child desertion, which caused him to lose his job. He further testified that all of the conduct on the part of the appellant was of such a nature that he could not live with her, and that such conduct of appellant continued to injure his health. Under Article 4633, R.C.S., the trial court is granted 'the province to determine the credibility of the witnesses, and the weight to be given their testimony. This the trial court did in favor of the appellee. We find the testimony was such "full and satisfactory evidence" that would authorize the granting of the divorce as is required by Article 4632, R.C. S. If the trial court had disbelieved the testimony of the appellee and had believed the testimony of the appellant, there would have been sufficient evidence to have denied the divorce, but since there is sufficient evidence, and since the court below relied upon such evidence and rendered judgment thereon, we do not find error in these two points.

As to Point Number 3 we find there was sufficient corroborated evidence for the trial judge to base his judgment upon, which were never condoned by appellee, especially that part where the appellant had appellee arrested and thrown in jail, when she knew he was sick and after he had left sufficient funds for her and the children to live on for a reasonable time.

Appellant further complains in her brief that the court was not justified in granting said divorce because the appellee left Young County on several occasions after filing this suit and went to Tom Green County, and that at the time of the trial said appellee was actually a resident of Tom Green County. Our courts have uniformly held that a petitioner for divorce is not required to reside in the county of suit continuously or otherwise up to the time of trial and the trial court is not deprived of its jurisdiction though the complainant moves to and resides in another county after filing his original petition. Bason v. Bason, Tex.Civ.App., 260 S.W. 687; Root v. Root, Tex.Civ.App., 60 S.W.2d 525; Van Dyck v. Van Dyck, Tex.Civ.App., 121 S.W.2d 642.

As to appellant's Point Number 4, we have read the statement of facts carefully and do not find any act of recrimination

charged against the appellee which occurred prior to the filing of the petition that was of a sufficient general character which would have reasonably calculated to provoke the appellant.

Finding no error in the trial court's judgment, the same is affirmed.