Shirley GLOVER, Appellant,

v.

Joe Ed GLOVER, Appellee.

No. 3223.

Court of Civil Appeals of Texas.

Eastland.

Feb. 3, 1956.

Rehearing Denied Feb. 23, 1956.

Hood & Hood, Borger, for appellant.

Thomas F. Glover, Seymour, for appellee.

LONG, Justice.

Shirley Glover instituted this suit in the District Court of Baylor County against Joe Ed Glover for divorce. By agreement of the parties the case was transferred to the District Court of Haskell County. Upon a trial in Haskell County, where all parties appeared and answered, plaintiff was granted a divorce and custody of their minor child. Thereafter, the judgment was modified by agreement and the defendant was given the right to visit the child. Plaintiff filed in that court a motion

to set aside the judgment· granting her a divorce alleging that the District Court of Haskell County had no jurisdiction of the case and that the judgment was therefore void. The court after a hearing overruled said motion. Shirley Glover, has appealed.

It is the contention of appellant that' the District Court of Haskell County had no jurisdiction of the case, and that the Judge of the District Court of Baylor County had no power to transfer the case to the District Court of Haskell County.

Article 4631, Vernon's Annotated Civil Statutes, provides that no suit for divorce shall be maintained unless the petitioner shall at the time of exhibiting his or her petition be an actual bona fide inhabitant of this state for a period of twelve months and shall have resided in the county where the suit is filed for six months next preceding the filing of same. Article 1995, Subdivision 16, Vernon's Annotated Civil Statutes, provides that suits for divorce shall be brought in the county in which the plaintiff shall have resided for six months next preceding the bringing of the suit. Appellant contends that the above statutes are jurisdictional and that no divorce case may be tried in any county in the state other than the one where the plaintiff resided for a period of six months next preceding the filing of the suit. She further contends that the District Judge of Baylor County could not, even under an agreement of the parties, transfer the case to Haskell County but that Baylor County was the only county in which said suit could be tried.

■■■■ We do not agree with these contentions. The articles quoted above are not jurisdictional. Subdivision 16 of Article 1995 fixes the venue in divorce cases. Article 4631 does no more than prescribe the qualifications of the plaintiff in a divorce case. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198. It is undisputed that appellant possessed the necessary qualifications to maintain her suit in Baylor County at the time it was filed. It is undisputed that the case was transferred to the District Court of Haskell County by agreement of the parties. The record discloses that appellant was under the impression that the Judge of the District Court of Baylor County was· disqualified to try her case. There is no showing in the record that said judge was disqualified, but, upon the insistence of counsel for appellant and by agreement of all parties, the judge of that court transferred the case to Haskell County. The record discloses that appellant appeared and testified in her case in Haskell County and obtained all of the relief prayed for.

Under 255, R.C.P. the court had the power to transfer the case upon the agreement of the parties. Judge Funderburk, a former member of this court, in passing upon a similar question in Root v. Root, Tex.Civ. App., 60 S.W.2d 525, 528, said, "We see no reason why a divorce case is not subject to our venue laws the same as any other suit. In fact, R.S.1925, art. 1995, subd. 16, prescribes the venue of divorce suits along with other kinds of suits. The jurisdictional facts as to inhabitancy of this state and of residence in a particular county have application up to the time of filing the suit and fix the place of filing, but, once those jurisdictional facts exist and the suit is filed, there is no obstacle, as we see it, to a transfer of the case to another district court for trial." See also Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598; Oilmen's Reciprocal Ass'n v. Youngblood, Tex.Civ.App., 297 S.W. 255.

We hold that the District .Court of Baylor· County acquired jurisdiction of the case and that the District Judge of that County had the power by the consent of the parties to transfer the case to the District Court of. Haskell County. The District Court of Haskell County acquired jurisdiction of the case and the judgment entered there is not void.

The judgment of the District Court of Haskell County overruling appellant's motion to set aside the judgment granting the divorce is in all things affirmed.