**A. C. INGRAM, Appellant,**

**v.**

**Linda INGRAM, Appellee.**

**No. 16350.**

Court of Civil Appeals of Texas.

Dallas.

May 29, 1964.

Rehearing Denied June 26, 1964.

Andress, Woodgate, Richards & Condos, Wm. Andress, Jr., Dallas, for appellant.

Nance & Caston, Sherman, for appellee.

WILLIAMS, Justice.

Action for divorce and child support. Linda Ingram sued A. C. Ingram in the 15th District Court of Grayson County, Texas seeking a divorce, custody of the child born of the marriage, and reasonable child support payments. Following a non-jury trial the district judge granted plaintiff's prayer for relief and defendant appeals. The record presented to us reflects no reversible error and the judgment of the trial court is affirmed.

## FACTS

Appellant and appellee, residents of Dallas County, were married in Rockwall County, Texas on June 13, 1961. On December 16, 1961 a child was born to appellee. Appellee moved to Grayson County in January 1962 and has resided in such county continuously since that date. On March 19, 1962 appellee filed her original petition in the 15th District Court of Grayson County, seeking divorce, custody of the minor child, and child support payments. On March 29, 1962 appellant filed his original answer in the 15th District Court of Grayson County. In Paragraph 1 of this answer appellant asserted that the court did not have jurisdiction of the case because appellee had not resided in Grayson County for more than six months next preceding the filing of the petition. Subject to this "Plea to the Jurisdiction" appellant denied that he and appellee were ever legally married and further denied that he was the father of the child. Appellant's "Plea to the Jurisdiction" was never called to the attention of the trial court and was never ruled upon. On March 29, 1962 appellant filed his original petition, being Suit No. 62,748–Juv. in the Juvenile Court of Dallas County, Texas, styled A. C. Ingram v. Linda Rodriguez Ingram, in which he asked that the marriage between him and appellee herein be annulled because of alleged fraudulent representations on the part of appellee. In the alternative, he asked for a decree of divorce against appellee. On May 10, 1963 appellee filed her first amended original petition in the Grayson County suit in which she alleges the same statutory residential allegations and the same grounds for divorce, as in her original petition. On June 8, 1963 appellant filed his first amended original answer in the Grayson County suit. In Paragraph 1 of this amended answer he alleges that the Grayson County District Court does not have jurisdiction of this suit because appellee had not resided in Grayson County for more than six months prior to filing the suit. In Paragraph 2 he alleges, for the first time, that appellee's suit in the District Court of Grayson County should be dismissed and not considered because of the pending suit in Dallas County. Subject to these "Pleas to the Jurisdiction" appellant again denied the marriage and denied that he was the father of the child. The case came on for trial on August 20, 1963 and judgment was rendered on August 26, 1963.

## OPINION

Appellant inveighs against the judgment in six points of error. By his first four points of error, which we will consider together, he contends that the District Court of Grayson County should have sustained his motion to dismiss appellee's cause of action because (1) appellee had not lived in Grayson County for six months preceding the filing of her original petition on March 19, 1962 and (2) the Juvenile Court

of Dallas County, Texas had acquired prior authority to determine the validity of the marriage between the parties and to grant a divorce.

■ Appellee objects to our consideration of appellant's first four points of error on the ground that appellant has not complied with Rule 325, Texas Rules of Civil Procedure by filing a motion for new trial complaining of the errors now assigned. We cannot agree with appellee. Rule 325, T.R.C.P. does provide that rulings of the court on preliminary motions would be considered as acquiesced in, unless complained of in motion for new trial. The rule further specifically provides that nothing in Rule 324, T.R.C.P. (providing *inter alia*, that a motion for new trial is not essential in a non-jury case) shall render a motion for new trial unnecessary in the instances mentioned in Rule 325, T.R.C.P. However, it is our opinion that Rule 325, T.R.C.P. has application to matters not otherwise shown by the record.

Our court, in Harmon v. City of Dallas, Tex.Civ.App., 229 S.W.2d 825, said:

"Furthermore, and along with appellant's assertion that his cause of action was dismissed without opportunity for amendment, *it is nowhere evident in the record that the matter was ever called to attention of the trial court.* While a motion for a new trial is not a prerequisite to an appeal from a trial to the court, Rule 324, T.R.C.P., yet if the appealing party desires to complain in the trial or appellate court of anything *not apparent of record,* unless through the filing of a motion for a new trial, then it is essential that such motion be filed. Rule 325, T.R.C.P.; Vol. 8, T.B.J., p. 15." (Emphasis added.)

Accord: First Nat'l Life Ins. Co. v. Herring, Tex.Civ.App., 318 S.W.2d 119.

■ In the case before us appellant did bring the matter to the trial court's attention and did receive a hearing and a ruling on such motion, all of which is recited in the judgment and exception noted. Accordingly, we hold that Rule 325, T.R.C.P. has no application under the facts here presented.

Appellant's contention concerning the lack of authority of the District Court of Grayson County to hear appellee's divorce case because she had not lived in Grayson County for more than six months prior to filing her suit is without merit. While it is true that at the time appellee filed her original petition on March 19, 1962 she had only been living in Grayson County for a little over two months, yet it is likewise true that at the time appellee filed her first amended original petition on May 10, 1963 and at the time the court heard this case on August 20, 1963 appellee had lived in Grayson County for more than the required period of time.

■ Appellant candidly concedes that the question here presented is not jurisdictional but relates to the statutory qualifications of a litigant to maintain a suit for divorce. Sec. 8, Art. 5 of the Constitution of Texas, Vernon's Ann.St. provides that: "The District Court shall have original jurisdiction * * * of all cases of divorce, * * *." Art. 4631, Vernon's Ann.Civ.Ct. provides that no suit for divorce shall be maintained in the courts of this state unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this state for a period of twelve months, and shall have resided in the county where the suit is filed for six months next preceding the filing of the same. Our Supreme Court, in Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198, held that the constitutional jurisdiction of district courts to hear divorce cases could not be taken away by legislative enactment. The court said that Art. 4631, V.A.C.S. was not a jurisdictional statute at all, but merely a statute prescribing the qualifications of the plaintiff in divorce cases. It is unnecessary

to cite the numerous cases which have consistently followed this opinion to this date.

■ Having acquired jurisdiction of the parties and the subject matter of this litigation by the filing of the original petition and defendant's answer, the District Court of Grayson County had the power and authority to hear and determine defendant's motion, contained in his original petition, to dismiss plaintiff's suit for lack of the necessary qualifications. However, appellant at no time ever brought this matter to the attention of the court and secured a ruling thereon. Appellant thereby waived any rights he may have to dismiss appellee's suit as originally filed.

■ It is undisputed that the decree in this case was granted upon appellee's first amended original petition which was filed more than a year after appellee had moved to Grayson County. Her amended petition contained nothing new as to grounds for divorce. The case was heard more than sixty days after the filing of the amended petition which satisfied the statutory waiting period.

A similar situation was presented to the court in Myers v. Myers, Tex.Civ.App., 210 S.W.2d 832. In that case the wife filed her original petition in Dallas County seeking a divorce but at that time had not lived in Dallas quite six months. She later filed her amended petition after she had satisfied the statutory residential requirement. The court sustained the husband's motion to dismiss and in the Court of Civil Appeals, in reversing such action, the court said:

"Thus it would seem that the required inhabitancy must exist at the time of exhibiting the petition, and that residence in the county of the suit must be for a period of six months next preceding the filing of the pleading. However, as in this case, where an amended petition is filed, the question may arise as to whether the requirements must be satisfied at the time of filing the original petition. In our earlier cases it was held that the filing of an amended petition setting up a new ground for divorce must be considered as the institution of the suit rather than the filing of the original, although where the amended petition, as in this case, is merely a continuance or amplification of the original petition, the question of residence should be determined as to the time of filing the original petition. Michael v. Michael, 34 Tex.Civ.App. 630, 79 S.W. 74.

"However, this is not the rule at present. In more recent decisions our courts have held that even in cases in which the amended petition is substantially the same as the original petition, the 'filing of the suit' is within the purview of the statute if the amended petition is filed after the petitioner has resided in the county for six months even though the original petition was filed before the six months period had passed. Coleman v. Coleman, Tex.Civ. App., 20 S.W.2d 813; Bateman v. Bateman, Tex.Civ.App., 188 S.W.2d 866, error dismissed; Whitsett et al. v. Whitsett, Tex.Civ.App., 201 S.W.2d 114, writ refused n. r. e.

"From the record it appears that the appellant lacked twenty-two days of having resided in Dallas County six months at the time she filed her original petition. At the time she filed her amended petition she had resided in Dallas County for more than eight months. According to the authorities above cited, she satisfied the resident provisions of Article 4631 at the time she filed the amended petition."

■ Several reasons are inherent in this record why the District Court of Grayson County was correct in refusing to dismiss appellee's suit because of the pendency of appellant's suit in Dallas County. Appellant's contention that the Grayson County suit should have been dismissed on the basis of "comity" because of the Dallas County suit fails to recognize well estab-

lished rules of law applicable to the existing factual situation. It has long been the settled law of this state than when a court acquires jurisdiction of the parties and subject matter of a cause of action such court continues to maintain paramount rights to dispose of the case even though another case, involving the same parties and subject matter, is subsequently filed in another court of concurrent jurisdiction. 1 Tex.Jur.2d, pp. 40–41, Sec. 20; Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Wheelis v. Wheelis, Tex.Civ.App., 226 S. W.2d 224. As the court said in Wheelis v. Wheelis, supra:

"It is quite apparent that under our system, where we have courts of co-ordinate jurisdiction, our rules of practice require that such courts accord comity to each other to avoid a multiplicity of suits and to remove the hazard of having different judgments entered between the same parties on the same controverted issues and that the court first acquiring jurisdiction should retain it to the exclusion of all other similar courts until the material issues are tried out and finally determined in so far as that court has the power to do so."

This court, speaking through Justice Looney, in Long v. Long, Tex.Civ.App., 269 S.W. 207, said:

"It ought to be manifest that, in order to maintain an orderly procedure, and the spirit of comity that should at all times exist between tribunals of equal jurisdiction, when a suit has been commenced in one court, and thereafter one of the litigants institutes a suit against his adversary in another court of equal jurisdiction involving the same subject-matter, the latter should sustain a plea in abatement when timely and properly presented for consideration."

Applying these principles to the situation presented it is apparent that the Grayson County Court attained jurisdiction of this case and continued to maintain such jurisdiction over the parties and subject matter continuously until the matter was heard and disposed of by final judgment. Appellant's action in filing the second suit in the Juvenile Court of Dallas County, a court of concurrent jurisdiction with the District Court of Grayson County, did not have the effect of depriving the District Court of Grayson County of jurisdiction or the right to proceed, which right had existed from long prior to the time the Dallas suit had been filed. Applying the rule of Long v. Long, supra, if either suit should have been abated it was the Dallas County suit rather than the Grayson County suit.

Another reason why the Grayson County court was not obligated to yield to the Dallas court is the fact that the record does not disclose that the Dallas court ever attained jurisdiction over the person of appellee. No evidence was introduced, and the record is silent, that appellee was ever served with process in the Dallas County suit or that she ever filed an answer or made an appearance therein. Bateman v. Bateman, Tex.Civ.App., 188 S.W.2d 866.

Appellant's first four points on appeal are overruled.

By his fifth point on appeal appellant complains of the action of the trial court in sustaining an objection to a question propounded to appellee on cross examination. She was asked: "Do you know that a request has been made that you and the baby and Mr. Ingram should have your blood types taken, that Mr. Ingram has said if medical science shows that he could not be the father—", whereupon objection was made that such question called for an opinion and conclusion of the witness and was not an issue before the court. The court sustained the objection. In developing his bill of exception appellant's counsel developed the fact that appellee was not told concerning the matter inquired

about. In the first place, the matter inquired about was quite immaterial and not an issue in the case. Whether appellant had made some alleged offer to support the child if certain blood tests revealed certain results does not alter appellant's legal obligation to support the child born following a marriage between him and appellee. Furthermore, the action was harmless because appellee is shown not to have had the knowledge inquired about. Finally, appellant has not demonstrated that the court's action in sustaining objection to this question resulted in an improper verdict in this case. Rule 434, T.R.C.P.

■ By his sixth point, appellant contends that the evidence is not the full and satisfactory evidence required by Art. 4632, V.A.C.S. We have carefully reviewed all of the evidence, which consists of testimony from appellee and her sister, and we conclude that such evidence is of the nature and character required by statute to justify a divorce. Appellee testified that her husband had denied his marriage to her; accused her of infidelity; abused her verbally and threatened her with bodily injury; failed and refused to cohabit with her after their marriage; stopped supporting her and their baby daughter; caused her severe mental and bodily anguish and caused her to become ill. She testified that such acts on his part rendered their continuation as husband and wife insupportable. Appellant did not offer any testimony nor testify in his own behalf. Appellant's point is overruled. Art. 4629, V.A.C.S. Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297; Bartels v. Bartels, Tex.Civ.App., 227 S.W.2d 260; Hunter v. Hunter, Tex.Civ.App., 321 S.W. 2d 92; Armstrong v. Armstrong, Tex.Civ. App., 350 S.W.2d 348; Meyer v. Meyer, Tex.Civ.App., 361 S.W.2d 935.

The judgment of the trial court is affirmed.

Affirmed.