**CITY OF WICHITA FALLS, Appellant,**

v.

**Mrs. Marjorie DYE et vir, Appellees.
No. 17561.**

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 13, 1974.

Rehearing Denied Jan. 17, 1975.

H. P. Hodge, Jr., City Atty., and Edwin Luecke, Asst. City Atty., Wichita Falls, for appellant.

Nelson, Sherrod, Carter & Oldham, and Charles W. Oldham, Wichita Falls, for appellees.

## OPINION

LANGDON, Justice.

March 1, 1973, City of Wichita Falls initiated suit against Mrs. Marjorie Dye and husband, B. H. Dye, defendants, for damages to its bus resulting from a collision with a vehicle operated by Mrs. Dye at a signal controlled intersection. April 5, 1973, a default judgment, interlocutory in nature, was rendered against Mrs. Marjorie Dye et vir. Because the claim constituted an unliquidated demand the default judgment awarded a writ of inquiry to the plaintiff City to determine the amount of said judgment. April 10, 1973, defendants filed a motion to set aside the default judgment. May 11, 1973, the court entered its order setting aside the default judgment (which included the writ of inquiry) and granting the new trial. In said order the court recited that from the verified motion, the evidence and affidavits that the failure of defendants to answer was through mistake, oversight and inadvertence, that defendants had a meritorious defense and that granting the motion would not serve

to delay the trial of the case on its merits. July 31, 1973, the defendants filed their first amended answer and cross-action by which they sought relief against the City in the sum of "at least $900.00," representing damages to their car as result of negligence on the part of the driver of the City bus.

The cause was tried to a jury. November 21, 1973, judgment was rendered for the defendants in the sum of $1,007.50, based upon the verdict of the jury.

This appeal is from that judgment, predicated upon six points of error. They are: (1) in granting the motion for new trial; (2) in allowing defendants to file a cross-action; (3) in ordering appellant not to mention or refer to the default judgment; (4) in failing to find the value of appellant's bus, before and after collision; (5) in finding for appellees on Special Issues 4, 6, 7, 8, 10, 11, 12, 13 and 14; and (6) in entering judgment in excess of $900.00.

We affirm.

The points above defined will be discussed in the order listed.

■■■ (1) The appellant here asserts that the court has no authority to set aside a default judgment with a writ of inquiry awarded until after an award of damages. This is not a viable complaint. The trial court may on its own motion or on the motion of any party vacate, modify, reform or grant a new trial at any time prior to the time a judgment becomes final. Newsom v. Boyd, 203 S.W.2d 874 (Galveston, Tex.Civ.App., 1947, no writ hist.); Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951 (1943); Bachman Center Corporation v. Sale, 359 S.W. 2d 290 (Dallas, Tex.Civ.App., 1962, ref., n. r. e.); and Dickerson v. Mack Financial Corporation, 452 S.W.2d 552 (Houston, Tex.Civ.App., 1st Dist., 1969, ref., n. r. e.). The point is overruled.

■■■ (2) This point is overruled. The cross-action was based upon the same intersection collision made the basis of the City's suit. Had the cross-action not been asserted by defendants it would have been waived. It, the cross-action, was asserted in the first answer filed on behalf of defendants. The answer was the proper place to assert the cross-action and the timing was proper.

■■■ (3) This point is overruled without discussion. It was considered. The matter of the previous default was not an issue in the trial and had no bearing upon issues submitted.

■■■ (4) This point is overruled. It was considered. Such a finding was clearly immaterial in the absence of any finding of primary negligence against defendants.

(5) This point is overruled. It should suffice to say that the issues submitted find support in the pleadings and the evidence. Appellant made no objection to the issues. In answering them the jury found negligence on the part of the City bus driver in several particulars and that such negligence was a proximate cause of the collision. As previously stated, there were no findings of primary negligence against defendants.

■■■ (6) This point is overruled. It was proper for the trial court to enter judgment for defendants on their cross-action in the sum of $1,007.50 which was "in the sum of at least $900.00" as contained in defendants' pleading which was not excepted to as being uncertain, indefinite or otherwise. There was no objection to the testimony or to the court's charge relating to the damage issue. The sum of $1,007.50 which was awarded by the jury was the difference in value before and after the collision. The term "at least" asserts the minimum and not the maximum amount sought. See 17 Tex.Jur.2d 265 (Damages) and the authorities there cited.

The appellees by a single counterpoint assert that this is a frivolous appeal and that a ten (10) per cent penalty should be

awarded to partially compensate them because of it. We overrule the counterpoint without discussion. We did consider it.

All points of error and the counterpoint having been overruled, the judgment of the trial court is accordingly affirmed.