WILMER–HUTCHINS INDEPENDENT
SCHOOL DISTRICT, Appellant,

v.

A. Eugene BLACKWELL et
al., Appellees.

No. 18724.

Court of Civil Appeals of Texas,
Dallas.

Oct. 2, 1975.

Rehearing Denied Nov. 6, 1975.

R. Jack Ayres, Jr., Kelsoe, McDonald & Ayres, Dallas, for appellant.

William A. McKenzie, McKenzie & Baer, Dallas, for appellees.

AKIN, Justice.

This is an election contest filed by A. Eugene Blackwell and Donald Lucky to set aside a school bond election held by the Wilmer-Hutchins Independent School District authorizing the issuance of ten million dollars in school district bonds. As grounds, contestants alleged fraud and other irregularities. Acting solely on a resolution passed by the Wilmer-Hutchins School Board Trustees and a stipulation in accordance with the resolution, the trial court entered a consent judgment on May 1, 1975, setting aside the results of the bond election and ordering a new election. This judgment assessed costs against the school district in contravention of Tex.Election Code Ann. art. 9.31 (Vernon 1967).

On May 27, 1975, after the expiration of time required for filing a motion for new trial prescribed by Tex.R.Civ.P. 329b, the school district and Billy F. Kyser, president of its board of trustees, filed a motion for new trial to which was attached a resolution of the board withdrawing consent to the judgment. After a hearing, the court signed an order overruling the district's motion for new trial on May 30, 1975. On the same day, the court also signed an amended judgment identical to its judgment of May 1, except that costs were taxed in compliance with Tex.Election Code Ann. art. 9.31 (Vernon 1967). The school district and Kyser appeal from this amended judgment.

The questions presented are: (1) Did the judgment of May 30, which altered the judgment of May 1, as to costs, supersede the previous judgment for purposes of appeal? (2) Did the trial court err in rendering the amended judgment of May 30, based upon the previous consent judgment of May 1, when consent was withdrawn?

We answer these questions in the affirmative.

Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings.

1. *The Effect of the Amended Judgment of May 30*

■ Contestants argue that the amended judgment of May 30 merely modified the language of the original consent judgment of May 1 and is, therefore, binding on all parties thereto. We cannot agree. The amended judgment of May 30 was not merely a clerical correction of the earlier judgment. In changing the assessment of costs, it corrected a judicial error. *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex.1970); *Finlay v. Jones*, 435 S.W.2d 136 (Tex.1968); Tex.R.Civ.P. 316, 317; *see* Reavley & Orr, *Trial Court's Power to Amend Its Judgments*, 25 Baylor L.Rev. 191, 194 (1973). This the trial court had plenary power to do since the amended judgment was rendered when the trial court had jurisdiction of both the subject matter and the parties. *City of Wichita Falls v. Dye*, 517 S.W.2d 680, 683 (Tex.Civ. App.—Fort Worth 1974, writ ref'd n. r. e.); Tex.R.Civ.P. 329b(5). Because there may be only one final judgment in a case (Tex.R. Civ.P. 301), the amended judgment superseded the judgment of May 1 and was a new judgment. *Home Indemnity Co. v. Muncy*, 449 S.W.2d 312, 315 (Tex.Civ.App.— Tyler 1969, writ ref'd n. r. e.); *Webster v. Smith*, 226 S.W.2d 250 (Tex.Civ.App.—Eastland 1950, no writ). Since appeal has been timely perfected from the final judgment, we conclude that we have jurisdiction of this appeal. Tex.R.Civ.P. 324.

■ Contestants argue further that, since the district failed to file a motion for new trial pursuant to Tex.R.Civ.P. 325 in reference to the amended judgment, the district has waived its right to complain of the amended judgment on appeal. We cannot agree. Tex.R.Civ.P. 325 provides that a motion for new trial shall be required in instances of newly discovered evidence, misconduct, fraud or the like. The instances enumerated ordinarily are not disclosed until after judgment. The evident purpose of the rule is to require presentation to the trial court of matters not previously called to its attention and of matters not apparent in the record. *Ingram v. Ingram*, 380 S.W.2d 666, 669 (Tex.Civ.App.—Dallas 1964, writ dism'd). We conclude that Tex.R. Civ.P. 325 is inapplicable here because the record affirmatively shows that the district called its lack of consent to the court's attention before the amended judgment was rendered.

2. *Consent to Judgment*

■ Consent to support an agreed judgment must exist at the *very moment* the court undertakes to make the agreement of the parties the judgment of the court. *Burnaman v. Heaton*, 150 Tex. 333, 338, 240 S.W.2d 288, 291 (1951). At the time of the entry of the amended judgment, it was undisputed that the district had withdrawn its consent. We hold, therefore, that it was error for the trial court to render the judgment of May 30 when it knew that consent was lacking.

■ In view of our holding, we do not reach the question whether a trial court may render a judgment sustaining an election contest and nullifying the declared result of the election without hearing evidence supporting the grounds on which the election has been contested. In this connection see *Ramsey v. Dunlop*, 146 Tex. 196, 202–03, 205 S.W.2d 979, 983 (1947); *Caldwell v. Crosser*, 20 S.W.2d 822, 828 (Tex.Civ. App.—Amarillo 1928, writ ref'd). *See also People v. Herrin*, 284 Ill. 368, 120 N.E. 274 (1918). Neither do we deem it necessary to consider whether the original judgment may be enforced as a contract in view of the public interest involved. But to protect the interest of the public, the trial court must not act hastily in entering a judgment setting aside the results of an election.

Reversed and remanded.