William Randall BERRY, Appellant,

v.

Virginia Ball BERRY, Appellee.

No. 8612.

Court of Civil Appeals of Texas, Beaumont.

Nov. 26, 1980.

Rehearing Denied Dec. 31, 1980.

**214** ██ 

R. E. McDaniel, Winnie, for appellant.

KEITH, Justice.

The single question presented by this appeal, although couched in several different ways, is the applicability of *Tex. Family Code Ann. § 3.21 (1975)* to divorce proceedings instituted by parties who have not satisfied the domiciliary requirements of the statute. Our facts are not in dispute and may be stated very simply.

The husband appeals from a final judgment which denied a divorce in an action which he filed in Hardin County, Texas, on October 10, 1980. Appellant was born in Louisiana and the parties were married in that state and both parties continued to live in Louisiana until October 7, 1980, when appellant began moving his belongings to the home of his aunt and uncle in Jasper County, Texas. On October 10, 1980, at a time when he had not completed his move to *Jasper County*, he filed suit for divorce in *Hardin County*, Texas, and two minutes after the filing of the petition, the wife's broad waiver was filed. He alleged that no children were born of the marriage and the community property had been partitioned by agreement.

Although appellant has ten points of error, they are submitted as a unit, making it extremely difficult to follow the several contentions advanced. We do not encourage such a modification of *Tex.R.Civ.P. 418.*

██ It is not necessary for us to set out the several findings of fact and conclusions of law made by the trial court and incorporated in the judgment. It is sufficient to state that the several points of error brought forward challenge the constitutionality of such section of the Code and appellant contends that even if valid, it can be and was waived by the parties. We disagree and affirm the judgment of the court.

*Section 3.21* is a model of simplicity:

"No suit for divorce may be maintained unless at the time suit is filed the petitioner or the respondent has been a domiciliary of this state for the preceding six-month period and a resident of the county in which the suit is filed for the preceding ninety-day period."

It has long been established that the earlier statutes relating to residence requirements of suitors for divorce were not jurisdictional; instead, as was said in the seminal case of *Aucutt v. Aucutt,* 122 Tex. 518, 62 S.W.2d 77, 79 (1933):

"[W]e hold that it [Art. 4631, now repealed] is not a jurisdictional statute at all, but merely a statute prescribing the qualifications of the plaintiff in divorce cases...."

*Accord: Ex parte Tyler,* 152 Tex. 602, 261 S.W.2d 833, 834 (1953); *Ex parte Scott,* 133 Tex. 1, 123 S.W.2d 306, 313 (1939). The rule is still viable. See, e. g., *Scott v. Scott,* 554 S.W.2d 274, 278 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

The validity of *Section 3.21* was upheld by this Court in *LeFebvre v. LeFebvre,* 510 S.W.2d 29 (Tex.Civ.App.—Beaumont 1974, no writ). The constitutionality of a similar statute in Iowa was upheld in *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). See Note, *12 Hous.L.Rev. 1153 (1975),* discussing *Sosna v. Iowa,* supra.

From a study of the statutes of Texas regulating the qualifications of the suitors for divorce, it is readily apparent that Texas has not sought to cultivate the business of those seeking "quickie" divorces and who may play fast and loose with findings of domicile.

We overrule all points of error challenging the constitutional validity of *Section 3.21.*

We turn now to appellant's contentions that the trial court erred in holding that *Section 3.21* "is not a mere venue statute that can be waived by the parties," but, on the contrary, the "residence requirements are an issue in every divorce case, even if not made a contested issue by the parties . . . ."[1]

■ It has long been the law that either party may waive rights conferred by a venue statute, as distinguished from a jurisdictional statute. See *1 McDonald, Texas Civil Practice § 4.40, at 566 (1965 Rev. Vol.)*, and authorities therein cited. This rule of waiver has been applied even in the so-called mandatory exceptions to the general venue statute. *South Texas Development Co. v. Williams*, 130 Tex. 217, 107 S.W.2d 378, 379 (1937).

But, the rule applicable to the case at bar is stated in *28 Am.Jur.2d, Estoppel and Waiver § 161, at 846–847 (1966)*:

"The doctrine of waiver, from its nature, applies ordinarily to all rights or privileges to which a person is legally entitled, *provided such rights or privileges belong to the individual and are intended solely for his benefit.* A waiver is not, however, allowed to operate so as to infringe upon the rights of others, or to transgress public policy or morals." (emphasis supplied)

Similar language is to be found in *Sartin v. Hudson*, 143 S.W.2d 817, 823 (Tex.Civ. App.—Fort Worth 1940, no writ), quoting from a text. *Sartin* was cited in *Missouri Pacific Railroad Co. v. American Statesman*, 552 S.W.2d 99, 105–106 (Tex.1977):

"Moreover, the doctrine of estoppel or waiver cannot be invoked to nullify a mandatory statutory restriction, especially when such restriction is enacted for the benefit of the general public as opposed to those benefits that inure to a private individual."

See also, *Phillips v. City of Abilene*, 195 S.W.2d 147, 150 (Tex.Civ.App.—Eastland 1946, writ ref'd), also cited in *Missouri Pacific*, supra.

The residency statute in Texas is very similar to that discussed by the Court in *Sosna v. Iowa*, supra, wherein the reasons behind the adoption of such a requirement were explored to some extent. Mr. Justice Rehnquist, speaking for the majority, wrote:

"The State's decision to exact a one-year residency requirement as a matter of policy is therefore buttressed by a quite permissible inference that this requirement not only effectuates state substantive policy but likewise provides a greater safeguard against successful collateral attack than would a requirement of bona fide residence alone." (419 U.S. at 408, 95 S.Ct. at 561)

See also, *Makres v. Askew*, 500 F.2d 577, 579 (5th Cir. 1974), affirming 359 F.Supp. 1225 (M.D.Fla.1973).

Texas has never attempted to compete with the Mexican divorces of Juarez or the divorce mills of Nevada. Yet, appellant seeks to outdo those jurisdictions which do cater to the transients who seek a quick dissolution of the connubial ties. Indeed, it is apparent that what appellant seeks could be accomplished in one morning. As a petitioner domiciled in Louisiana, he could arrive in Kountze on the morning bus, meet his lawyer and deliver to him the signed waiver of the spouse, go to the courthouse, procure his divorce, and catch the noon bus so as to be back in the adjacent state in time for a late lunch.

Appellant argues that it would be a convenience to the litigants and to the courts to permit the playing out of the scenario outlined above. We disagree. In *Wood v. Wood*, 159 Tex. 350, 320 S.W.2d 807, 810 (1959), the Court quoted from a text, saying:

---

1. The discrepancy between the residency requirements in *§ 3.21* and those found in *Tex. Rev.Civ.Stat.Ann. Art. 1995, § 16* (Supp. 1980), has been declared to be due to legislative oversight. *Harrison v. Harrison*, 543 S.W.2d 176, 177 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

" 'The right to apply for, or obtain a divorce is not a natural one, but is accorded only by reason of statute, and the state has the right to determine who are entitled to use its courts for that purpose and upon what conditions they may do so.' "

The interest of the public at large and of the state are to be protected by the courts in the manner prescribed by the legislature, one specific instance being *Section 3.21*. We hold, therefore, that parties to the divorce action cannot waive the residence requirements of *Section 3.21* since the rights of the public are also involved.

Appellant cites and relies upon language in *Ingram v. Ingram*, 380 S.W.2d 666, 669–670 (Tex.Civ.App.—Dallas 1964, writ dism'd). We have given careful study to such opinion and are not convinced that our decision today is in conflict with *Ingram*. In any event, we adhere to our holdings here. *Ingram* did not involve a case of a collusive agreement of two out-of-state residents to procure a divorce in Texas in contravention of a valid statute.

After considering all of appellant's points of error, and finding no merit therein, each is overruled and the judgment of the trial court is AFFIRMED.